**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PEARSON EDUCATION, INC.; CENGAGE LEARNING, INC.; and MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>HELIOSBOOKS INC.; KOLYO HRISTOV; RAMAN KANDOLA; NICHOLAS LITTLE; HAMID KHAN; SHARMA RAJESH; YK SHARMA; BHAGWAT PRAKASH; BOOSTI, LLC; MY BOOK DRIVE, INC.; OLIVER W. CHEN; SIOW HONG CHANG; BLUE ROCKET BOOKS LTD.; DONALD BOONE; LUKE BROWN; FINE LINE MEDIA LLC; PRINCE JOHNSON; PRINCE SANCHEZ; MENG ZHANG; SITAPA RUJIKIETGUMJORN; WASIN RUJIKIETGUMJORN; MANUJ OBEROI; PATRICK MEDLEY; JAMES NELSON; ROGGER FARBER; FBAAZ, CORP.; DERICK RADFORD; JONATHAN HINDS; DILSHAD SAIFI; ANDREW BAILEY; SAMANTHA ANDERSON; and DOES 1-10,<br><br>Defendants. | Civil Action No. 17-cv-203-DAB<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1. COPYRIGHT INFRINGEMENT (17 U.S.C. § 101, *et seq.*)<br>2. SECONDARY COPYRIGHT INFRINGEMENT (17 U.S.C. § 101, *et seq.*)<br>3. TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)<br>4. TRADEMARK COUNTERFEITING (15 U.S.C. § 1114)<br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Pearson Education, Inc., Cengage Learning, Inc., and McGraw-Hill Global

Education Holdings, LLC, and (collectively, "Plaintiffs") for their First Amended Complaint

against Defendants Heliosbooks, Inc.; Kolyo Hristov; Raman Kandola; Nicholas Little; Hamid

Khan; Sharma Rajesh; YK Sharma; Bhagwat Prakash; Boosti, LLC; My Book Drive, Inc.; Oliver

W. Chen; Siow Hong Chang; Blue Rocket Books Ltd.; Donald Boone; Luke Brown; Fine Line

Media LLC; Prince Johnson; Prince Sanchez; Meng Zhang; Sitapa Rujikietgumjorn; Wasin

Rujikietgumjorn; Manuj Oberoi; Patrick Medley; James Nelson; Rogger Farber; FBAAZ, Corp.;

Derick Radford; Jonathan Hinds; Dilshad Saifi; Andrew Bailey; Samantha Anderson; and Does 1-10, allege, on personal knowledge as to matters relating to themselves and on information and belief as to all other matters, as follows:

**INTRODUCTION**

1. Plaintiffs are three of the world's leading educational publishers. They provide a comprehensive range of traditional and digital educational content and tools to professionals and students of all ages.

2. Defendants sell counterfeit textbooks on Amazon.com, using Amazon's fulfillment services. Hiding behind the anonymity of Internet pseudonyms, Defendants sell counterfeit copies of Plaintiffs' copyrighted works, bearing unauthorized reproductions of Plaintiffs' trademarks, to individual consumers and third-party sellers. The textbooks Defendants sell are not the legitimate and authorized versions published by Plaintiffs, but rather are counterfeit versions that infringe on Plaintiffs' copyright and trademark rights.

3. The fact that Defendants sell counterfeits of Plaintiffs' textbooks on Amazon.com, the world's largest e-commerce retailer, causes even greater damage to Plaintiffs. Plaintiffs sell their textbooks through various wholesale and retail channels, including to Amazon for sale on Amazon.com. Plaintiffs' textbook sales on Amazon.com—whether by Amazon itself, other wholesalers, or third-party sellers—represent an important channel for Plaintiffs' textbook sales. Defendants and their Online Storefronts advertise, offer, and sell their counterfeit copies on the Amazon marketplace to the same purchasers seeking out legitimate copies of Plaintiffs' textbooks. Defendants identify the textbooks using the legitimate textbooks' names and authors, images of the covers of the textbooks that include Plaintiffs' marks, and the ISBN reference numbers that identify the textbook. Defendants also use Amazon's fulfillment

2

services to ship orders.  Defendants often sell their counterfeit versions at a price below the

market price for the legitimate books.  In so doing, Defendants undercut sales and the perceived

value of authorized and legitimate copies of Plaintiffs' textbooks.

4.     Plaintiffs bring this Complaint for damages and injunctive relief to stop and to

seek redress for Defendants' infringement of Plaintiffs' intellectual property rights.

### JURISDICTION AND VENUE

5.     This is a civil action arising under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*,

and the Lanham Act, 15 U.S.C. §§ 1114 *et seq*.  This Court has original subject matter

jurisdiction pursuant to 28 U.S.C. § 1331, 1338(a) and 15 U.S.C. § 1121.

6.     The Court has personal jurisdiction pursuant to N.Y. C.P.L.R. § 302 over all

Defendants because they transacted business and committed tortious acts within and directed to

New York, and Plaintiffs' claims arise from those activities.  In particular, Defendants (a)

transact business within New York or contract to supply goods, including counterfeit goods, in

New York, (b) have committed acts of copyright and trademark infringement and counterfeiting

within New York and in this District, and (c) have committed acts of copyright and trademark

infringement and counterfeiting outside New York, which caused injury to Plaintiffs within New

York, and Defendants expected or should reasonably have expected such acts to have

consequences in New York, and Defendants derive substantial revenue from interstate or

international commerce.

7.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 28 U.S.C. §

1400(a).

### PARTIES

8.     Plaintiff Cengage Learning, Inc., formerly Thomson Learning Inc. ("Cengage"),

is a Delaware corporation with offices located New York.

9. Plaintiff McGraw-Hill Global Education Holdings, LLC ("MHE") is a Delaware limited liability company with its principal place of business at 2 Penn Plaza, New York, New York 10020.

10. Plaintiff Pearson Education, Inc. ("Pearson"), is a Delaware corporation with its principal place of business at 330 Hudson Street, New York, New York 10013.

11. Defendant Heliosbooks Inc. ("Heliosbooks") is a Delaware corporation. Heliosbooks Inc.'s principal place of business, if any, is unknown to Plaintiffs.

12. Defendant Kolyo Hristov ("Hristov") is an individual who appears to reside in Bulgaria.

13. Defendant Raman Kandola ("Kandola") is an individual whose last known address is 1800 Stokes Street, San Jose, California, 95126.

14. Defendant Nicholas Little ("Little") is an individual whose address is unknown. It may be that "Nicholas Little" is an alias used by the individual or entity operating the Amazeeng storefront on Amazon.com.

15. Defendant Hamid Khan ("Khan") is an individual whose address is unknown.

16. Defendant Sharma Rajesh ("Rajesh") is an individual whose last known address is 08/04, 1st Floor Nehru Nager Near Srinivas Puri, New Delhi, India 110065.

17. Defendant YK Sharma is an individual whose last known address is in New Delhi, India.

18. Defendant Bhagwat Prakash ("Prakash") is an individual whose last known address is HN 159/10, Jullena Jamia Millia Islamia, New Delhi, India 110025.

19. Defendant Boosti, LLC is an entity registered in California with a principal place

4

of business located at 6355 De Soto Avenue, Apt. B131, Woodland Hills, California 91367.

20. Defendant My Book Drive, Inc. ("MBD") is a California corporation whose principal place of business is located at 2181 Williams Street, San Leandro, California 94577.

21. Defendant Oliver W. Chen ("Chen") is an individual whose last known address is 723 Spumante Court, El Dorado Hills, California 95762.

22. Defendant Siow Hong (a/k/a Sherry) Chang ("Chang") 723 Spumante Court, El Dorado Hills, California 95762.

23. Defendant Blue Rocket Books Ltd. ("BRB") is an entity registered in New York with a principal place of business located at 5 Paris Road, New Hartford, New York 13413.

24. Defendant Donald Boone ("Boone") is an individual whose last known address is 3124 NW 18th Terrace, Miami, Florida 33125.

25. Defendant Luke Brown ("Brown") is an individual whose address is unknown. It may be that "Luke Brown" is an alias used by the individual or entity operating the eBOOKSHOUSE storefront on Amazon.com.

26. Defendant Fine Line Media LLC is an entity registered in Pennsylvania with a principal place of business located at 407 Boyd Drive, No. 445, Red Lion, Pennsylvania 17356.

27. Defendant Prince Johnson ("Johnson") is an individual whose address is unknown. It may be that "Prince Johnson" is an alias used by the individual or entity operating the Marion Marketplace storefront on Amazon.com.

28. Defendant Prince Sanchez ("Sanchez") is an individual whose address is unknown. It may be that "Prince Sanchez" is an alias used by the individual or entity operating the Mommys Place storefront on Amazon.com.

29. Defendant Meng Zhang (a/k/a Ning Song and Meng Song) ("Zhang") whose last

known address is 2655 Richmond Avenue, Staten Island, New York 10314, but who appears now to reside in China.

30. Defendant Sitapa Rujikietgumjorn ("Sitapa R.") is an individual whose last known address is 601 Vairo Boulevard, Apt. 925, State College, Pennsylvania 16803.

31. Defendant Wasin Rujikietgumjorn ("Wasin R.") is an individual who appears to reside in Bangkok, Thailand.

32. Defendant Manuj Oberoi ("Oberoi") is an individual whose address is unknown, but who appears to reside in India.

33. Defendant Patrick Medley ("Medley") is an individual whose last known address is 2604 Chamberlain Drive, Plano, Texas 75023.

34. Defendant James Nelson ("Nelson") is an individual whose address is unknown. It may be that "James Nelson" is an alias used by the individual or entity operating the Qcomma storefront on Amazon.com.

35. Defendant Rogger Farber ("Farber") is an individual whose address is unknown. It may be that "Rogger Farber" is an alias used by the individual or entity operating the QVC-media storefront on Amazon.com.

36. Defendant FBAAZ, Corp. ("FBAAZ") is an Arkansas corporation with its principal place of business located at 12123 Kanis Road, Little Rock, Arkansas 72211.

37. Defendant Derick Radford ("Radford") is an individual whose last known address is 44 Greystone Lane, Cartersville, Georgia 30121.

38. Defendant Jonathan Hinds ("Hinds") is an individual whose address is unknown.

39. Defendant Dilshad Saifi ("Saifi") is an individual whose last known address is Hno. 51 Pra.Pa Aichchhar, PS-KASNA, Gautambuddhnagar, DIST Gautam Buddha Nagar

6

GREATER NOIDA, Uttar Pradesh, India 203207.

40. Defendant Andrew Bailey ("Bailey") is an individual whose last known address is 141 Remount Road, Apt. 10209, Charlotte, North Carolina 28203.

41. Defendant Samantha Anderson ("Anderson") is an individual whose business address is 141 Stevens Avenue, Suite No. 1, Oldsmar, Florida 34677.

42. The true names and identities of the Defendant Does 1 through 10 are unknown to Plaintiffs at this time. Each Doe Defendant conducts business through Amazon. Each Doe Defendant is involved in selling and distributing counterfeit textbooks using the storefronts set forth in paragraph 58. These individuals are involved in the distribution of counterfeit books, but are not identified in Amazon's records as the parties responsible for operating the Online Storefronts (as defined below). Plaintiffs believe that information obtained in discovery will lead to the identification of the Doe Defendants' true names and permit Plaintiffs to amend this Complaint to state the same.

## PLAINTIFFS' BUSINESSES

43. Plaintiffs are among the world's largest providers of tailored learning solutions. In the academic marketplace, Plaintiffs serve secondary, post-secondary, and graduate-level students, teachers, and learning institutions providing quality content, assessment tools, and educational services in all available media. Plaintiffs' products and services are sold throughout the world, through direct channels and via a worldwide network of distributors, including Amazon.com. Plaintiffs invest significant resources annually in the worldwide advertisement and promotion of their goods and services under all their marks.

44. Plaintiffs' publish their works under many imprints, or brands, that are well known and highly respected. Cengage's imprints include Brooks/Cole, Delmar, Heinle, South-

7

Western Educational Publishing, Gale, Wadsworth, and National Geographic Learning. MHE's imprints include Glencoe/McGraw-Hill, Irwin/McGraw-Hill, Lange Medical Books, and Mayfield Publishing. Pearson's imprints include Addison Wesley, Longman, Allyn & Bacon, Benjamin Cummings, Prentice Hall, and Penguin Random House. These are just some of the Plaintiffs' many valuable and recognizable imprints.

45. Plaintiffs' publications include physical textbooks (collectively, "Textbooks"). These Textbooks are widely available in the marketplace for sale or rental, including from physical and online bookstores.

46. Plaintiffs suffer serious financial and reputational injury when their copyrights and trademarks are infringed. A substantial decline in revenue from sales or rentals of Plaintiffs' copyrighted works could cause Plaintiffs to cease publication of one or more deserving Textbooks. This would have an adverse impact on the creation of new Textbooks, on scholarly endeavor, and on scientific progress, by making it more difficult to publish deserving Textbooks.

47. Both publishers and authors alike are deprived of income when their Textbooks are unlawfully copied and sold, or when their copyrights are otherwise infringed, which can have serious financial and creative repercussions for them and their work.

**PLAINTIFFS' FEDERALLY REGISTERED COPYRIGHTS AND TRADEMARKS**

**A. Plaintiffs' Respective Copyright Registrations**

48. Plaintiffs are the copyright owners of, and/or the owners of the exclusive rights under copyright in, *inter alia*, those works or derivative works described on Exhibit A (hereinafter, "Plaintiffs' Books" or "Books"). Plaintiffs or their affiliates have obtained copyright registrations, duly issued by the United States Copyright Office, covering Plaintiffs' Books.

**B.    Plaintiffs' Respective Trademark Registrations**

49.    Plaintiffs' Books bear trademarks and service marks as set forth on Exhibit B (hereinafter, "Plaintiffs' Marks"), which Plaintiffs or their affiliates have duly registered on the Principal Registrar of the United States Patent and Trademark Office.  Plaintiffs own or are the exclusive licensee of Plaintiffs' Marks.  Plaintiffs' Marks are distinctive and arbitrary and are now incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065.  Plaintiffs and/or their predecessors invested decades of effort in building a reputation of quality in the publishing industry, which consumers associate with Plaintiffs' Marks.

## THE AMAZON.COM MARKETPLACE

50.    Amazon.com, Inc. ("Amazon") is a global e-commerce company and is the world's largest e-commerce retailer.  Amazon also sources, offers for sale, and sells a wide range of products from manufacturers, wholesalers, and brand owners directly to consumers on its website, Amazon.com.  In this respect, Amazon sells Textbooks that it purchases directly from the Plaintiffs.  In addition to providing a platform for Amazon's own sales, Amazon.com is a marketplace for third-party sellers worldwide to advertise, offer for sale, and sell their products or goods directly to consumers.

51.    A key feature of Amazon.com is that multiple sellers can offer the same product.  Each product sold on Amazon.com is listed on or in connection with a product detail page ("product page"), which includes a product image, price, description, customer reviews, ordering options, and a link to view offers from all sellers of the product.

52.    Amazon provides third-party sellers on its platform the option of using its Fulfillment by Amazon ("FBA") service, which allows sellers to outsource warehouse, shipping, and customer service operations to Amazon in exchange for an extra fee.  FBA sellers ship their

products to one of Amazon's fulfillment centers across the country and have Amazon store, pack, ship, and handle customer service and returns for the FBA seller's products and goods. A buyer never interacts with an FBA seller directly unless they have an inquiry and choose to communicate with the seller (anonymously) through Amazon's platform.

53. When a customer purchases a product from an FBA seller, Amazon.com displays the FBA seller's storefront name and indicates that the purchase will be "Fulfilled by Amazon." When Amazon is selling a product on Amazon.com, the relevant product page includes the designation "Ships from and sold by Amazon.com." An FBA seller's products are eligible for free shipping on qualifying orders as well as Amazon Prime's "FREE Two-Day Shipping" available to all Amazon Prime members.

54. The FBA program also offers sellers "Multi-Channel Fulfillment," in which Amazon fulfills a seller's orders received through other sales channels (e.g., other platforms such as eBay or the seller's own website) using the seller's inventory stored in Amazon fulfillment centers.

55. The product page on Amazon.com for books is tied to the book's International Standard Book Number ("ISBN"). Accordingly, on Amazon.com there will be a single product page for each of Plaintiffs' Textbooks that lists multiple sellers, including those who may be selling counterfeits. To unsuspecting individual consumers, the offers all appear to be for legitimate copies of textbooks because they are listed under the same product page as the authentic version. The consumer is left to choose which price they want to pay and from which seller.

56. Customers may leave a review about a product on the product page. Customers may also leave a review about the buying or shipping experience or the quality of the particular

product they received.  On that same product page, there often are substantive reviews about a product and reviews that comment on the buyer's experience with the particular seller that sold the product.  As such, someone who purchases a textbook on Amazon.com may leave a review complaining about the book's inferior quality, as is often the case with counterfeits, on the textbook's product page.  The name of the seller that supplied the counterfeit, or otherwise provided the consumer with an unsatisfactory experience, is not associated with the textbook's product page.  As a result, the overall review—and perceived value—of the author's and publisher's work deteriorates.

**DEFENDANTS' UNLAWFUL ACTIVITIES**

57.    Defendants operate storefronts on Amazon.com through which they sell unauthorized and illegal counterfeit textbooks, including Plaintiffs' Books.

58.    Among the known seller accounts or storefronts Defendants have established on Amazon.com are the following (collectively referred to as the "Online Storefronts"):

(a)    _Best_Bookstore_ (Seller ID - AHVFVEEJX47FM) operated by Defendant Heliosbooks;

(b)    ABC Trading Group (Seller ID A2MBNV2T9HT1Y0) operated by Defendant Hristov;

(c)    acerbooks (Seller ID A2YZKS0F51PXLM) operated by Defendant Kandola;

(d)    Amazeeng (Seller ID AL5UW87ML1EXF) operated by Defendant Little.

(e)    Atlantic Corner (Seller ID A2R8A4DP65CE1) operated by Defendant Khan.

(f)     Books Deposit Worldwide f/k/a Fiedel Retails (Seller ID

A2LGOO4N4RK026) operated by Defendants Prakash, Rajesh, and YK Sharma.

(g)     Boosti LLC (Seller ID A179GETFEHNZR2) operated by Defendant

Boosti, LLC.

(h)     CalText Books (Seller ID ATVPDKIKX0DER) operated by Defendant

MBD.

(i)     Cameron's Treasures (Seller ID AOU12I4K26OHC) operated by

Defendants Chen and Chang.

(j)     CheapAZZBooks (Seller ID A2TKMPXX6CQRJI) operated by Defendant

BRB.

(k)     Donald Boone (Seller ID A3PBGSERTQXEVG) operated by Defendant

Boone.

(l)     eBOOKSHOUSE (Seller ID A2AHKOYMZDI15S) operated by

Defendant Brown.

(m)     Fine Line Media (Seller ID A210ICNPH3ZM0M) operated by Defendant

Fine Line Media LLC.

(n)     Marion Marketplace (Seller ID A2VD3DBSBAUDUU) operated by

Defendant Johnson.

(o)     Mommys Place (Seller ID AUJVS5879E9OV) operated by Defendant

Sanchez.

(p)     nightdream (Seller ID A2GQ8MJSSI69Z2) operated by Defendant Zhang.

(q)     onlinebeagle_books (Seller ID A35TMV14ZDNOGT) operated by

Defendants Sitapa R. and Wasin R.

(r)     ORCHIDSALES (Seller ID A3T0DRZUGQ8ZE2) operated by Defendant Oberoi.

(s)     Plan-B-99 (Seller ID A3VBR8RLJKV8E2) operated by Defendant Medley.

(t)     Qcomma (Seller ID A2OCHQVZ4MLWXB) operated by Defendant Nelson.

(u)     QVC-media (Seller ID A2EBI7JXH8HHEA) operated by Defendant Farber.

(v)     RockCityBooks (Seller ID A2TFZQQVV4WT3I) operated by Defendant FBAAZ, Corp.

(w)     Shaqsnow (Seller ID A2032QCFJ6CJ3) operated by Defendant Radford.

(x)     Simple-Livings (Seller ID A196TNQGJJJJV7) operated by Defendant Hinds.

(y)     Tesco Link (Seller ID ALNI5J7Y9NC6C) operated by Defendant Saifi.

(z)     theBookArb (Seller ID AB6G7R444K8T2) operated by Defendant Bailey

(aa)    univbooks2011 (Seller ID A3OYGTB0TWCI6A) operated by Defendant Anderson.

Defendants may likely operate other Amazon seller accounts of which Plaintiffs are not yet aware.  They may also operate on other Internet marketplaces or websites.

59.     Using their Online Storefronts, Defendants offer for sale and sell counterfeit copies of Plaintiffs' and others' copyrighted Textbooks.  Defendants have been engaged in infringing activity since at least November 2016 and are continuing in those activities now. Some of Defendants appear to be working collectively because many of the Counterfeit Books

13

exhibit the same counterfeit traits and inferior qualities. Some of Defendants' Online Storefronts also offer similar inventories.

60. Plaintiffs have made test purchases from Defendants' Online Storefronts, which confirm that Defendants distribute counterfeit copies of Plaintiffs' Books bearing Plaintiffs' Marks (hereinafter, the "Counterfeit Books"). The list of 35 Counterfeits Books does not describe all the textbook titles that Defendants are infringing but rather a subset.

61. Defendants' Online Storefronts utilize Amazon's FBA service, which means that Amazon ships, receives returns, and handles customers for Defendants. As a result, the true identities and addresses of Defendants remain hidden from the shipments of the Counterfeit Books. In addition to fulfilling the order, Amazon processes the payment for the Counterfeit Books, as it does for all third-party seller's orders. Amazon collects the money and then pays Defendants. As Defendants' customers in the test purchases, Plaintiffs received no information regarding the identity of the sellers behind the Online Storefronts.

62. Based on a review of Defendants' Online Storefronts on Amazon.com, Defendants generally sell at deeply discounted prices often associated with counterfeits. In fact, Defendants offer what purport to be current-edition, brand-new copies of Plaintiffs' Textbooks for just a fraction of the list price, and even far below Amazon.com's own highly discounted price. Such prices are highly suspect and tend to indicate, as Plaintiffs later confirmed, that Defendants source from illegitimate suppliers. For example, Amazon.com offers a new copy of the latest edition of Cengage's work, *Effective Helping: Interviewing and Counseling Techniques* (8th edition), by Okun, for $153.04, which is 14% off the list price of $176.95. Defendants' Online Storefront, Amazeeng offers the same new textbook for $59.20 (a purported savings of 67% off the list price). Similarly, Amazon.com offers a new copy of the latest edition of

14

Pearson's work, *Procedures in the Justice System* (11th edition), by Cliff Roberson and Harvey Wallace, for $183.05, which is 13% off the list price of $209.20. Defendants' Online Storefront, Simple-Livings, offers the same new textbook for $63.98 (a purported savings of 31% off the list price). Likewise, Amazon.com sells a new copy of the current edition of MHE's work, *Mass Media Law* (19th edition), by Pember, for $204.04, which is just 16% off the list price of $241.67. Defendants' Online Storefront, nightdream, offers the same new book for $100.00 (a purported savings of 60% off the list price).

63. Defendants intentionally purchase counterfeit copies of Plaintiffs' Books at a materially cheaper price than they would be required to pay had they purchased Plaintiffs' products directly from the respective publishers or from legitimate third-party sellers, pursuant to the custom and practice of the bookselling industry. In doing so, Defendants deliberately evaded Plaintiffs or other legitimate sources, and chose instead to source illegal and counterfeit copies of Plaintiffs' products, in violation of Plaintiffs' intellectual property rights. Defendants then provided the Counterfeit Books to Amazon for distribution to customers of Defendants' Online Storefronts.

64. At the time that Defendants distributed and sold the Counterfeit Books, Defendants knew or should have known that the Counterfeit Books were infringing based on their "too good to be true price" and inferior quality.

65. Defendants knowingly directed, supervised, and controlled the importation and/or distribution of the Counterfeit Books, and had a direct financial interest in, and stood to gain a direct financial benefit from, their deliberately infringing activity.

66. By engaging in the illegal conduct alleged above, in addition to directly organizing and effectuating such infringing activities, Defendants also personally induced,

15

caused, and materially contributed to infringing conduct by others, including resellers to whom Defendants sold the Counterfeit Books. The resellers would have further distributed the Counterfeit Books.

67. Defendants did more than supply the means to facilitate the infringement of Plaintiffs' intellectual property rights. They also substantially participated in, and orchestrated, such infringing activities.

68. The Counterfeit Books are inferior to Plaintiffs' Books. Among other differences, the binding, glue, paper, color and printing are often different and inferior. Based on the use of Plaintiffs' trademarks, actual and prospective purchasers are likely to believe that the Counterfeit Books are Plaintiffs' Books. The Counterfeit Books' inferior quality weakens, blurs, and tarnishes Plaintiffs' respective trademarks. Plaintiffs' business reputations are further injured by having their trademarks and the goodwill associated with them confused or mistakenly associated with a group or series of textbooks of lesser quality, as alleged above.

69. While Plaintiffs have identified some of the Counterfeit Books that Defendants have imported and/or distributed, Plaintiffs have not identified all of them. Defendants' infringing activities are rampant. The works described on Exhibit A are only examples of Counterfeit Books that Defendants have introduced into the marketplace.

## FIRST CLAIM FOR RELIEF

### Copyright Infringement Under 17 U.S.C. §§ 101, *et seq.*

70. Plaintiffs re-allege and incorporate by reference the allegations set forth above in paragraphs 1-69.

71. Plaintiffs' Books constitute original works and copyrightable subject matter

16

pursuant to the Copyright Act, and they are protected by registrations duly issued to Plaintiffs (or their predecessors or affiliates) by the United States Copyright Office.

72. At all relevant times, Plaintiffs have been and still are the owners, or exclusive licensees, of all rights, title, and interest in and to their respective copyrights in Plaintiffs' Books, which have never been assigned, licensed, or otherwise transferred to Defendants.

73. Beginning on an unknown date but at least since November 2016 and continuing to the present, Defendants, with knowledge of Plaintiffs' copyrights in Plaintiffs' Books, infringed Plaintiffs' copyrights. Specifically, Defendants infringed Plaintiffs' exclusive rights to import and/or distribute to the public by sale or other transfer of ownership. They did so by, among other things, distributing and selling the Counterfeit Books for profit, without Plaintiffs' permission, license, or consent.

74. Defendants' unlawful conduct, as set forth above, was deliberate, intentional, knowing, malicious, and willful.

75. As a result of Defendants' unlawful and deliberate conduct as set forth above, Plaintiffs have been, and will continue to be, damaged.

76. Defendants' actions described above have caused and will continue to cause irreparable damage to Plaintiffs, for which Plaintiffs have no remedy at law. Unless this Court restrains Defendants from continuing their infringement of Plaintiffs' copyrights, these injuries will continue to occur in the future. Plaintiffs are accordingly entitled to injunctive relief restraining Defendants from further infringement.

## SECOND CLAIM FOR RELIEF

**Secondary Copyright Infringement Under 17 U.S.C. §§ 101, et seq.**

77. Plaintiffs re-allege and incorporate by reference the allegations set forth above in

17

paragraphs 1-69.

78. Plaintiffs' Books constitute original works and copyrightable subject matter pursuant to the Copyright Act, and they are protected by registrations duly issued to Plaintiffs (or their predecessors or affiliates) by the United States Copyright Office.

79. At all relevant times, Plaintiffs have been and still are the owners, or exclusive licensees, of all rights, title, and interest in and to their respective copyrights in Plaintiffs' Books, which have never been assigned, licensed, or otherwise transferred to Defendants.

80. Beginning on an unknown date but at least since November 2016 and continuing to the present, Defendants, with knowledge of Plaintiffs' copyrights in Plaintiffs' Books, indirectly infringed Plaintiffs' copyrights. Specifically, Defendants knowingly engaged in, supervised, and/or controlled the importation, distribution, and/or sale of the Counterfeit Books, and had a direct financial interest in, and stood to gain a direct financial benefit from their deliberately infringing activity. By engaging in the illegal conduct alleged above, in addition to directly organizing and effectuating such infringing activities, Defendants personally induced, caused, and materially contributed to infringing conduct by others, including resellers to whom Defendants sold the Counterfeit Books for further distribution. Accordingly, Defendants are liable for contributory and vicarious copyright infringement.

81. Defendants' unlawful conduct, as set forth above, was deliberate, intentional, knowing, malicious, and willful.

82. As a result of Defendants' unlawful and deliberate conduct as set forth above, Plaintiffs have been, and will continue to be, damaged.

83. Defendants' actions described above have caused and will continue to cause irreparable damage to Plaintiffs, for which Plaintiffs have no remedy at law. Unless this Court

18

restrains Defendants from continuing their infringement of Plaintiffs' copyrights, these injuries will continue to occur in the future.  Plaintiffs are accordingly entitled to injunctive relief restraining Defendants from further infringement.

## THIRD CLAIM FOR RELIEF

**Infringement of Federally-Registered Trademarks Under 15 U.S.C. § 1114**

84.     Plaintiffs re- allege and incorporate by reference the allegations set forth above in paragraphs 1-69.

85.     This claim, arising under Section 32 of the Lanham Act, 15 U.S.C. § 1114, is for infringement of trademarks registered to Plaintiffs in the United States Patent and Trademark Office.

86.     Without Plaintiffs' authorization, Defendants are marketing, offering for sale, and selling in commerce counterfeit textbooks under Plaintiffs' Marks.

87.     Defendants' aforesaid uses of Plaintiffs' Marks have caused and are likely to continue to cause confusion, mistake, and/or deception as to the source or origin of Defendants' goods, in that the public, and others, are likely to believe that Defendants' goods are provided by, sponsored by, approved by, licensed by, affiliated with, or in some other way legitimately connected with Plaintiffs, all to Plaintiffs' irreparable harm.

88.     Defendants, by their above-enumerated acts, willfully and knowingly have violated and infringed Plaintiffs' rights in and to the federally registered Marks, in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114), and Defendants threaten to further violate and infringe Plaintiffs' said rights.

89.     Defendants' actions described above have caused and will continue to cause irreparable damage to Plaintiffs, for which Plaintiffs have no remedy at law.  Unless this Court

restrains Defendants from continuing their infringement of Plaintiffs' Marks, these injuries will continue to occur in the future. Plaintiffs are accordingly entitled to injunctive relief restraining Defendants from further infringement.

90. Defendants' aforesaid conduct was intentional, or deliberately reckless, and without foundation in law.

**FOURTH CLAIM FOR RELIEF**

**Trademark Counterfeiting Under 15 U.S.C. § 1114(1)(a)**

91. Plaintiffs reallege and incorporate by reference the allegations set forth above in paragraphs 1-69.

92. Defendants are infringing the federally registered Plaintiffs' Marks through their use in commerce of a counterfeit, copy, or colorable imitation of Plaintiffs' Marks, in connection with the sale, offering for sale, marketing, distributing, or advertising of textbooks, with such use being likely to cause confusion, to cause mistake, or to deceive the public.

93. Defendants are intentionally using Plaintiffs' Marks on unauthorized products. Defendants are intentionally infringing upon Plaintiffs' trademark rights in order to further their own business enterprises.

94. Defendants' counterfeiting of Plaintiffs' Marks, as described above, has caused and will continue to cause irreparable injury to Plaintiffs' reputation and goodwill, for which Plaintiffs have no adequate remedy at law. Unless this Court restrains Defendants from continuing their counterfeiting activities, these injuries will continue to occur in the future. Plaintiffs are accordingly entitled to injunctive relief restraining Defendants from further counterfeiting.

**PRAYER FOR RELIEF**

By reason of the acts and circumstances alleged above, Plaintiffs seek relief from this Court as follows:

1.      Damages and/or restitution according to proof at trial, including exemplary damages where authorized by statute;

2.      An accounting and disgorgement of Defendants' profits, gains, and advantages realized from their unlawful conduct, including a reconciliation of purchases and sales of the Counterfeit Books with documents relating to all such purchases and sales;

3.      An order requiring Defendants to pay Plaintiffs such damages as Plaintiffs have sustained as a consequence of Defendants' unlawful acts as alleged above, including actual damages or statutory damages, at Plaintiffs' election, pursuant to 17 U.S.C. § 504;

4.      An order enjoining Defendants and those acting in concert with them from further infringing upon Plaintiffs' respective copyrights pursuant to 17 U.S.C. § 502;

5.      An order enjoining Defendants and those acting in concert with them from further infringing upon Plaintiffs' respective trademarks pursuant to 15 U.S.C. § 1116;

6.      An order requiring Defendants to pay Plaintiffs such damages as Plaintiffs have sustained as a consequence of Defendants' unlawful use of their trademarks, as alleged above, including statutory damages or treble damages, pursuant to 15 U.S.C. § 1117;

7.      An order requiring Defendants to deliver up for destruction all products, packaging, labels, literature, advertising, and other material bearing imitations, including confusingly similar variations, of Plaintiffs' respective copyrights and marks pursuant to 17 U.S.C. § 503 and 15 U.S.C. § 1118;

8.      Prejudgment and post-judgment interest at the applicable rate;

9. Plaintiffs' attorney's fees, expenses, and costs of suit; and

10. Such other and further relief the Court deems proper.

DATED:  February 7, 2017

Respectfully submitted,

By:  */s/ Kerry M. Mustico*
Matthew J. Oppenheim
Kerry M. Mustico
OPPENHEIM + ZEBRAK, LLP
5225 Wisconsin Avenue NW, Suite 503
Washington, DC 20015
Tel:  (202) 480-2999
Fax:  (866) 766-1678
matt@oandzlaw.com
kerry@oandzlaw.com

*Attorneys for Plaintiffs*