

July 24, 2017

**Jura C. Zibas**
212.915.5756 (direct)
Jura.Zibas@wilsonelser.com

**VIA ECF**

The Honorable Deborah A. Batts
United States District Court
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 2510
New York, NY 10007

      Re:      Pearson Education, Inc. et al v. Heliosbooks, Inc. et al
              Our File No.:   12741.00043

Dear Judge Batts:

      Our office represents defendant Blue Rocket Books LTD ("BRB") in the above referenced matter.  We write in response to Plaintiffs' letter motion for expedited discovery (Dkt. 93) in order to oppose Plaintiffs' twisted categorization of the facts.

      BRB has not violated the Court's injunction (Dkt. 38).  The injunction states that Plaintiffs were to identify all books in the Amazon inventory that they wished to inspect, and Amazon was to ship these titles to Plaintiffs for inspection.  Prior to receiving an email from Plaintiffs' counsel last week, BRB presumed that this inspection had occurred without incident. BRB took no steps designed to frustrate the process, and did not violate the injunction.

      Contemporaneous with Amazon providing titles to Plaintiffs for inspection, Amazon banned BRB from using Amazon.  At that time, through the Amazon process, Amazon shipped remaining inventory to BRB's doorstep in undifferentiated boxes.  Amazon's actions were frustrating and extremely inconvenient for BRB.

      Amazon's process was entirely haphazard.  For example, BRB was surprised at Amazon's disorganized method of shipping books with no inventory management enclosed or available.  In addition, several of the boxes delivered to BRB contained cases of face cream, handle bar pads, car parts, and many other things that did not even belong to BRB.

      Since almost two months had passed since the injunction was sent to Amazon, BRB appropriately assumed that Amazon had abided by the request to ship books to Plaintiff for inspection.  Operating under the assumption that Amazon had already provided all relevant books pursuant to the injunction, BRB did not attempt to catalogue the contents of the boxes

150 East 42nd Street • New York, NY 10017 • p 212.490.3000 • f 212.490.3038

Albany • Baltimore • Boston • Chicago • Connecticut • Dallas • Denver • Garden City • Houston • Las Vegas • London • Los Angeles • Louisville • McLean
Miami • Milwaukee • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Washington, DC • West Palm Beach • White Plains
Affiliates:  Berlin • Cologne • FrankFurt • Munich • Paris

wilsonelser.com

8297858v.1


dumped at its front door. Rather, the boxes were placed into storage unopened. It was only in the last week that BRB learned that these boxes might contain books that Plaintiff may wish to inspection.

Over the past week, after Plaintiffs' counsel contacted the undersigned regarding this issue, counsel and BRB immediately worked together to identify a resolution. In speaking with Plaintiffs' counsel, we are not clear as to what additional titles were not provided by Amazon from the original list. Nevertheless, we advised Plaintiffs that to the extent that these boxes contain books that Plaintiffs still wish to inspect, BRB is willing and able to manually inspect the shipments from Amazon and will provide any additional books for inspection if they were, in fact, delivered to BRB.

As such, Plaintiff's request for expedited discovery is moot. BRB has been, and continues to be, willing to work with Plaintiff to facilitate any inspection requested. BRB merely requests that Plaintiffs advise what books they would like to inspect.

Finally, we believe that the Court should be made aware that BRB served discovery demands on Plaintiffs in an attempt to facilitate potential settlement. Plaintiffs objected to all of BRB's demands on the grounds that discovery cannot commence until after the parties' Rule 26(f) conference, which has yet to proceed. BRB is concerned that Plaintiffs' current motion is merely an attempt to engage in unilateral discovery at BRB's expense. Therefore, to the extent that the Court grants Plaintiffs' current request, we urge the Court to simultaneously allow all discovery to go forward so that this matter can proceed toward resolution.

In light of the foregoing, BRB strongly re-emphasizes that it did not violate the injunction and there has been no spoliation of evidence attributable to BRB. To the extent that the goal of the product inspection was frustrated, the cause was Amazon's slipshod response to Plaintiff's request for production and Amazon's subsequent haste to dump all remaining inventory on BRB against BRB's will. BRB strongly refutes any suggestion that it violated this Court's order.

We thank the Court for its attention to this matter.

Very truly yours,

Wilson Elser Moskowitz Edelman & Dicker LLP

Jura C. Zibas

8297858v.1