USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/5/20

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

PEARSON EDUCATION, INC., CENGAGE LEARNING, INC., and MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC

Plaintiffs,

v.

HELIOSBOOKS INC.; KOLYO HRISTOV; RAMAN KANDOLA; NICHOLAS LITTLE; HAMID KHAN; SHARMA RAJESH; YK SHARMA; BHAGWAT PRAKASH; BOOSTI, LLC; MY BOOK DRIVE, INC.; OLIVER W. CHEN; SIOW HONG CHANG; BLUE ROCKET BOOKS LTD.; DONALD BOONE; LUKE BROWN; FINE LINE MEDIA LLC; PRINCE JOHNSON; PRINCE SANCHEZ; MENG ZHANG; SITAPA RUJIKIETGUMJORN; WASIN RUJIKIETGUMJORN; MANUJ OBEROI; PATRICK MEDLEY; JAMES NELSON; ROGGER FARBER; FBAAZ, CORP.; DERICK RADFORD; JONATHAN HINDS; DILSHAD SAIFI; ANDREW BAILEY; SAMANTHA ANDERSON; and DOES 1-10,

Defendants.

Case No. 1:17-CV-203 (KMW)

**DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

KIMBA M. WOOD, District Judge:

Plaintiffs Pearson Education, Inc., Cengage Learning, Inc., and McGraw-Hill Global Education Holdings, LLC (collectively, "Plaintiffs") initiated this action on January 11, 2017 against Doe defendants. ECF No. 1. At the same time that they filed the Complaint, Plaintiffs made an application ex parte for a temporary restraining order, expedited discovery, and an order to show cause why a preliminary injunction should not issue, which was granted. Ex Parte Order, Jan. 17, 2017, ECF No. 3. Plaintiffs served Doe defendants with their moving papers, the Ex Parte Order, and Complaint by email. See Decl. of Service, ECF No. 11. After a show cause hearing,

1

the Court issued preliminary injunctions against the Doe Defendants that did not stipulate on February 13, 2017. Prelim. Injs., ECF Nos. 44, 45, 46. After conducting expedited discovery, Plaintiffs filed the Amended Complaint naming, among others, Defendants Heliosbooks, Inc., Hamid Khan, Sharma Rajesh, YK Sharma, Bhagwat Prakash, Boosti, LLC, Oliver W. Chen, Siow Hong Chang, Meng Zhang, Manuj Oberoi, Patrick Medley, and Dilshad Saifi (collectively, "Defendants") on February 7, 2017. ECF No. 28. Plaintiffs served the Amended Complaint and Summons on Defendants. See ECF Nos. 56, 57, 63, 71, 90, 91, 102, 103, 119. 119. Defendants' answers to the Amended Complaint were due no later than March 19, 2019.

On May 14, 2019, the Clerk of Court entered a Certificate of Default, noting that Defendants had not answered or otherwise moved with respect to the Amended Complaint and were in default. ECF No. 129.

On November 1, 2019, Plaintiffs submitted a Motion for Default Judgment and Permanent Injunction against Defendants pursuant to Federal Rule of Civil Procedure 55(b) and a Memorandum of Law and Declaration in support thereof.

Having reviewed Plaintiffs' papers, and the entire record herein, the Court HEREBY FINDS that:

A. Plaintiffs publish educational content in the form of physical and digital textbooks and online tools ("Textbooks");

B. Defendants Heliosbooks, Inc., Hamid Khan, Sharma Rajesh, YK Sharma, Bhagwat Prakash, Boosti, LLC, Oliver W. Chen, Siow Hong Chang, Meng Zhang, Manuj Oberoi, Patrick Medley, and Dilshad Saifi operate the following online storefronts on Amazon.com:

  (1) Boosti LLC (Seller ID A179GETFEHNZR2), operated by Defendant Boosti, LLC;

(2) Cameron's Treasures (Seller ID AOU12I4K26OHC), operated by Defendants Oliver W. Chen and Siow Hong Chang;

(3) nightdream (Seller ID A2GQ8MJSSI69Z2), operated by Defendant Meng Zhang;

(4) ORCHIDSALES (Seller ID A3T0DRZUGQ8ZE2), operated by Defendant Manuj Oberoi;

(5) Plan-B-99 (Seller ID A3VBR8RLJKV8E2), operated by Defendant Patrick Medley;

(6) _Best_Bookstore (Seller ID AHVFVEEJX47FM), operated by Defendant Heliosbooks, Inc.;

(7) Atlantic Corner (Seller ID A2R8A4DP65CE1), operated by Defendant Hamid Khan;

(8) Books Deposit Worldwide f/k/a Fiedel Retails (Seller ID A2LGOO4N4RK026), operated by Defendants Sharma Rajesh, YK Sharma, and Bhagwat Prakash; and

(9) Tesco Link (Seller ID ALNI5J7Y9NC6C), operated by Defendant Dilshad Saifi

(collectively, the "Online Storefronts");

C. Defendants have been properly served in this action with the Amended Complaint and Summonses;

D. Because Defendants have not filed an answer or otherwise appeared in this action, the Clerk of Court entered default against Defendants on May 14, 2019;

E. Plaintiffs own the copyrights or exclusively control all rights, title, and interest in and to their respective works described on Exhibit A to the Amended Complaint (the "Authentic Works");

F. Plaintiffs own or exclusively control all rights, title, and interest in and to their respective trademarks and service marks described on Exhibit B to the Amended Complaint (the "Plaintiffs' Marks");

3

G. Defendants have willfully infringed Plaintiffs' copyrights in the Authentic Works and Plaintiffs' Marks in connection with Defendants' distribution, offering for sale, and/or sale of counterfeit copies of Plaintiffs' Textbooks;

H. Defendants' willful infringement of Plaintiffs' copyrights in the Authentic Works and Plaintiffs' Marks has caused Plaintiffs irreparable harm;

I. Defendants are therefore liable for willful copyright infringement under federal law, 17 U.S.C. §§ 101, *et seq.*, and willful trademark infringement and counterfeiting under federal law, 15 U.S.C. § 1114; and

J. As a result of Defendants' unlawful conduct, Plaintiffs are entitled to the entry of a final judgment and permanent injunction against Defendants.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with them, are permanently enjoined and restrained from directly or indirectly infringing any copyrighted work or any trademarks that are owned or exclusively controlled by Plaintiffs (or any parent, subsidiary, or affiliate of Plaintiffs as set forth in **Appendix A**), whether now in existence or later created ("Plaintiffs' Works").

Without limiting the foregoing, IT IS FURTHER ORDERED that Defendants, their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with them, are permanently enjoined and restrained from engaging in any of the following acts without written permission from Plaintiffs as to their respective copyrights and/or trademarks:

> (1) Copying, reproducing, manufacturing, importing, advertising, promoting, distributing, selling, or offering to sell counterfeit or other unauthorized copies of Plaintiffs' Works and/or counterfeit or otherwise infringing goods bearing Plaintiffs' respective trademarks; and

(2) Enabling, facilitating, permitting, assisting, soliciting, encouraging, or inducing others to copy, reproduce, manufacture, import, advertise, promote, distribute, sell, or offer to sell counterfeit or other unauthorized copies of Plaintiffs' Works and/or counterfeit or otherwise infringing goods bearing Plaintiffs' respective trademarks; and

(3) Using, operating, maintaining, assisting, distributing, or supporting any computer server, website, email address, social media account, online-marketplace account, bank account, or payment processing system in connection with the copying, reproducing, manufacturing, importing, advertising, promoting, distributing, selling, or offering to sell Plaintiffs' Works and/or counterfeit or otherwise infringing goods bearing Plaintiffs' respective trademarks.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over the parties and the subject matter of this litigation for the purpose of interpretation and enforcement of this Permanent Injunction.

IT IS FURTHER ORDERED that this action is referred to Magistrate Judge Fox for an inquest after default to ascertain damages.

FINAL DEFAULT JUDGMENT is hereby entered in favor of Plaintiffs against Defendants Heliosbooks, Inc., Hamid Khan, Sharma Rajesh, YK Sharma, Bhagwat Prakash, Boosti, LLC, Oliver W. Chen, Siow Hong Chang, Meng Zhang, Manuj Oberoi, Patrick Medley, and Dilshad Saifi. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 133.

SO ORDERED this 5th day of March, 2020.

_____
HON. KIMBA M. WOOD
United States District Judge

## APPENDIX A: PLAINTIFFS' IMPRINTS

| CENGAGE LEARNING, INC. ||
|---|---|
| Brooks Cole | Heinle |
| Cengage | Milady |
| Cengage Learning | National Geographic Learning |
| Course Technology | South-Western Educational Publishing |
| Delmar | Wadsworth |
| Gale | |

| PEARSON EDUCATION, INC. ||
|---|---|
| Addison Wesley | Longman |
| Adobe Press | New Riders Press |
| Allyn & Bacon; | Peachpit Press |
| Benjamin Cummings | Pearson |
| Brady | Pearson Education |
| Cisco Press | Prentice Hall |
| Financial Times Press/FT Press | Que Publishing |
| IBM Press | Sams Publishing |

| MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC ||
|---|---|
| Irwin | McGraw-Hill/Appleton & Lange |
| Lange | McGraw-Hill/Contemporary |
| McGraw-Hill | McGraw-Hill/Dushkin |
| McGraw-Hill Education | McGraw-Hill/Irwin |
| McGraw-Hill Higher Education | NTC/Contemporary |
| McGraw-Hill Professional | Osborne |
| McGraw-Hill Ryerson | Schaum's |