UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

PEARSON EDUCATION, INC., ET AL.,

                        Plaintiffs,

      -against-

HELIOSBOOKS INC., ET AL.,

                        Defendants.
------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/11/20

1:17-cv-203 (KMW)

**ORDER**

KIMBA M. WOOD, United States District Judge:

Plaintiffs' request to take additional discovery as specified in their letter dated March 11, 2020 (ECF No. 152) and to exclude Defendant Heliosbooks, Inc. from the inquest to be conducted by Judge Fox is granted.

The Court declines to hold an initial pretrial conference at this time. However, no later than April 15, 2020, the parties shall jointly prepare, sign, and submit to the Court via ECF:

    (1) The enclosed Scheduling Order, with all blanks filled in.[1]

    (2) A proposed Discovery Plan based on the enclosed model and completed in conformity with Fed. R. Civ. P. 26(f). Except in very unusual cases, it is expected that discovery will be completed in ninety (90) days.

    (3) A joint letter, not to exceed three (3) pages, that contains: (a) a statement indicating whether any party has not complied with Fed. R. Civ. P. Rule 7.1; and

---

[1] Fillable PDF versions of the Scheduling Order and Discovery Plan are available on the Court's website at http://nysd.uscourts.gov/judge/Wood.

1

(b) a concise statement of the facts of the case and the issues that the Court will need to decide.

SO ORDERED.

Dated: New York, New York
March 11, 2020

_____
KIMBA M. WOOD
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

_____,

                Plaintiff(s),

-against-                             \_\_\_ Civ. _____ (KMW)

**SCHEDULING ORDER**

_____,

                Defendant(s).

-------------------------------------------------------X

**APPEARANCES**:

Plaintiff(s) by:   _____

                      _____

                      _____

Defendant(s) by:   _____

                      _____

                      _____

KIMBA M. WOOD, United States District Judge:

     It is hereby ordered that:

1.    **Pleadings and Parties.** Except for good cause shown –
   (1) No additional parties may be joined after _____.
   (2) No additional causes of action or defenses may be asserted after _____.

   If the parties do not anticipate the joinder of any additional parties or the assertion of any additional causes of action or defenses, then the parties should insert above the date of the Initial Conference. Otherwise, the Court expects that all parties will be joined and all causes of action and defenses will be asserted within 90 days of the Initial Conference.

2.    **Initial Disclosures.** Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than _____. This date must be no more than 14 days

following the Initial Conference.

3. **Discovery.** Except for good cause shown, all discovery shall be commenced in time to be completed by _____. The Court expects discovery to be completed within 90 days of the Initial Conference. In the event that the parties believe that additional time is needed, the parties shall request an extension from the Court, by joint letter, and shall accompany that request with a proposed Amended Scheduling Order, with the extension not to exceed 60 days. Any further extensions will be given only after a showing of good cause that additional time is needed. *See* Fed. R. Civ. P. 16(b)(4).

4. **Motions.** Except for good cause shown, no motions shall be filed or heard after _____. The parties may satisfy this deadline through the submission of a letter to the Court requesting a pre-motion conference. The Court expects that all motions will be filed or heard within 21 days of the completion of discovery.

5. **Pretrial Order.** A proposed joint pretrial order shall be submitted by _____. Unless otherwise specified by the Court, this date must be within thirty (30) days after the close of discovery or, if any dispositive motion is filed, within three (3) weeks from the Court's decision on such motion, the parties shall submit a proposed joint pretrial order via ECF. The proposed joint pretrial order shall conform to the Court's Individual Rules of Practice, available online at http://nysd.uscourts.gov/judge/Wood.

6. **Additional Required Pretrial Filings in Jury Cases:** In a case to be tried to a jury, the parties must, by the date the joint proposed pretrial order is due: (1) file and serve motions addressing any evidentiary issues or other matters which should be resolved in limine; (2) file and serve a pretrial memorandum of law, when a party believes it would be useful to the Court; and (3) file joint proposed voir dire questions, a verdict form, and proposed jury instructions. These joint submissions shall conform to the Court's Individual Rules of Practice, available online at http://nysd.uscourts.gov/judge/Wood.

7. **Ready Trial Date.** A case will be deemed Ready for Trial on the date the parties submit the Joint Pretrial Order. At any time after the Ready Trial date, the Court may call the parties to trial upon forty-eight (48) hours' notice. No adjournment of that trial date will be permitted, unless counsel has faxed or emailed to Chambers an affidavit stating that he or she is engaged in trial in another court. Therefore, counsel must notify the Court and their adversaries in writing of any potential scheduling conflicts, including, but not limited to, trials and vacations, that would prevent at trial on a particular date. Such notice must come before counsel are notified by the Court of an actual trial date, not after. Counsel should notify the Court and all other counsel in writing, at the earliest possible time of any particular scheduling problems involving out-of-town witnesses or other exigencies.

8.  **Jury or Non-Jury Trial.** Please indicate whether this case will be tried by a jury by checking one of the following:

    Jury _____     Non-jury _____

9.  **Estimated trial time.** Estimated trial time, in hours, is _____.

10. **Final Pretrial Conference.** The Court will schedule a final pretrial conference in jury cases after the parties have filed their joint pretrial order. Non-jury cases will be referred to the designated Magistrate Judge for settlement after the joint pretrial order has been signed.

11. **Mediation.** Please indicate whether counsel for the parties have discussed the merits of mediation in regard to this action and wish to employ the free mediation services proved by this Court: Yes ___ No ____

12. **Trial Before Magistrate Judge.** The parties have the option of trying this action before the Magistrate Judge assigned to this case. *See* 28 U.S.C. § 636(c). Such a trial would be identical to a proceeding before this Court in all respects, and the judgment would be directly appealable to the Second Circuit Court of Appeals. Given the nature of this Court's criminal docket, it is more likely that electing to proceed before the Magistrate Judge would result in the parties receiving a firm trial date. However, the parties are free to withhold consent without adverse substantive consequences.

13. **Communications to the Court.** All communications to the Court and all filed papers must identify the name and docket number of the case, followed by the Judge's initials (KMW), contain the writer's name, party's name, law firm (if any), business address and telephone number, and be signed by the individual attorney responsible for the matter (unless the party is proceeding pro se). Any letter to the Court must state the manner in which the letter was served on all other counsel.

14. **Individual Rules and Trial Procedures.** The Court's Individual Rules and Trial Procedures are available at http://nysd.uscourts.gov/judge/Wood.

3

15. **Amendments to Scheduling Order.** If either party wishes to change the dates set forth in this Scheduling Order, it must submit a written request to the Court that complies with § 1.G of Judge Wood's Individual Rules of Practice.

**Signed:**

Plaintiff: _____    Defendant: _____
      [Plaintiff's Name]                         [Defendant's Name]

     _____           _____
     [Attorney's Printed Name]          [Attorney's Printed Name]

     _____           _____
     [Attorney's Signature]             [Attorney's Signature]

SO ORDERED.

Dated: New York, New York

_____                       _____
                                              KIMBA M. WOOD
                                              United States District Judge

# MODEL DISCOVERY PLAN[1]
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

_____,

                Plaintiff(s),

-against-   \_\_\_ CIV. _____ (KMW)

                **DISCOVERY PLAN**

_____,

                Defendant(s).
------------------------------------------------------X

        Pursuant to Federal Rule of Civil Procedure 26(f), during a conference on _____ between counsel for plaintiff _____ (*plaintiff's name*) and counsel for defendant _____ (*defendant's name*), counsel for the parties discussed and agreed to the following discovery plan:

        (1) The parties shall exchange the initial disclosures required under Federal Rule of Civil Procedure 26(a)(1) no later than _____.[2]

        (2) Both plaintiff and defendant shall serve their first request for production of documents, pursuant to Federal Rule of Civil Procedure 34, no later than _____.

        (3) Both plaintiff and defendant shall serve their notices of deposition, pursuant to Federal Rule of Civil Procedure 30, no later than _____. Plaintiff anticipates deposing: (a) _____; (b) _____; and (c) _____. Defendant anticipates deposing: (a) _____; (b) _____; and (c) _____.

        (4) Depositions of the parties shall commence after _____, at mutually convenient dates and times, without prejudice to either party conducting a non-party deposition beforehand at a mutually convenient date, time and place.

        (5) Both plaintiff and defendant shall serve subpoenas upon any third-party witnesses no

---

[1] The Court recognizes that discovery plans will vary in accordance with the needs of the parties. This Model Discovery Plan is intended only to guide the parties in developing more individualized plans.

[2] Fed. R. Civ. P. 26 provides that "[a] party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the proposed discovery plan." Fed. R. Civ. P. 26(a)(1)(C).

later than _____, seeking the production of documents and/or depositions.

(6) Plaintiff shall serve its expert's report upon defendants, pursuant to Federal Rule of Civil Procedure 26(a)(2), no later than _____.[3] The report shall set forth a complete statement of all opinions the witness will express, the facts on which the witness relies, and the process of reasoning by which the witness's conclusions are reached, and must otherwise comply with the requirements of Federal Rule of Civil Procedure 26(a)(2)(B).

(7) Defendant shall serve its expert's rebuttal report upon plaintiff, pursuant to Federal Rule of Civil Procedure 26(a)(2), no later than _____.[4]

(8) Depositions of the experts shall begin in time to be completed no later than _____ for plaintiff's expert and _____ for defendant's expert.

(9) All discovery shall be completed by _____.

(10) The parties may seek to schedule additional discovery as necessary, so long as it is completed by _____ (*same date as appears in (9) above*).

**Signed:**

Plaintiff: _____  Defendant: _____
      [Plaintiff's Name]                                         [Defendant's Name]

_____  _____
[Attorney's Printed Name]                             [Attorney's Printed Name]

_____  _____
[Attorney's Signature]                                    [Attorney's Signature]

SO ORDERED.

Dated: New York, New York
_____

_____
KIMBA M. WOOD
United States District Judge

---

[3] "Absent a stipulation or court order, the [expert] disclosures must be made at least 90 days before the date set for trial or for the case to be ready for trial." Fed. R. Civ. P. 26(a)(2)(D).

[4] "[I]f the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), [such rebuttal shall be made] within 30 days after the other party's disclosure." Fed. R. Civ. P. 26(a)(2)(D).