UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PEARSON EDUCATION, INC.; CENGAGE LEARNING, INC.; and MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>DANN DIVINE; DAPHNEE DIVINE; REJOICE SENAYE; MAWULI KRAH; ROSCHELLE SALMON; JOSHUA KHALIFA; BRIDGEPORTS INT'L INC.; and HAPPY FAMILIES INT'L INC.,<br><br>Defendants. | Case No. 17-cv-203-KMW |

**[PROPOSED] FINAL JUDGMENT AND INJUNCTION AS TO DEFENDANTS DANN DIVINE, DAPHNEE DIVINE, REJOICE SENAYE, MAWULI KRAH, ROSCHELLE SALMON, BRIDGEPORTS INT'L INC., AND HAPPY FAMILIES INT'L INC.**

Plaintiffs Cengage Learning, Inc., McGraw Hill LLC (successor in interest to McGraw-Hill Global Education Holdings, LLC), and Pearson Education, Inc. (collectively, the "Plaintiffs") filed a complaint against Dann Divine, Daphnee Divine, Rejoice Senaye, Mawuli Krah, Roschelle Salmon, Bridgeports Int'l Inc., and Happy Families Int'l Inc. ("Defendants"), alleging claims of infringement pursuant to the Copyright Act, 17 U.S.C. § 101, and trademark counterfeiting pursuant to the Lanham Act, 15 U.S.C. § 1114. The parties indicate that they have settled this matter. In connection therewith, the parties have jointly stipulated to entry of this Final Judgment and Permanent Injunction.

**NOW THEREFORE**, it is hereby:

I. **ORDERED** that final judgment is **ENTERED** for Plaintiffs against Defendants.

Each party shall bear its own costs and expenses, including its attorney's fees.

II. **ORDERED** that a permanent injunction is **ENTERED** in this action as follows:

Defendants, their officers, directors, members, agents, and attorneys, their personal representatives, heirs, executors, administrators, agents, and assigns, and all those in active concert or participation with them who receive actual notice of this injunction are enjoined from:

a. Directly or indirectly infringing any of Plaintiffs' Copyrighted Works, including any copyrighted work published under any of the imprints identified on Appendix A hereto[1] (the "Imprints");

b. Directly or indirectly infringing any of Plaintiffs' Marks, including such trademarks associated with the Imprints[2];

c. Directly or indirectly manufacturing, reproducing, importing, distributing (including returning goods purchased from another), offering for sale, and/or selling infringing copies of Plaintiffs' Copyrighted Works and/or Plaintiffs' Marks; and

d. Knowingly (i.e., with actual knowledge or reason to know) enabling, facilitating, permitting, assisting, soliciting, encouraging, or inducing others to directly or indirectly infringe, manufacture, reproduce, import,

---

[1] "Plaintiffs' Copyrighted Works" means any and all textbooks or other copyrighted works, or portions thereof, whether now in existence or later created, regardless of media type, the copyrights to which are owned or exclusively controlled by any of the Publishers or their parents, subsidiaries, affiliates, predecessors, successors, and assigns, whether published in the United States or abroad.

[2] "Plaintiffs' Marks" means any and all trademarks and service marks, whether now in existence or later created, which are owned or exclusively controlled by any of the Publishers or their parents, subsidiaries, affiliates, predecessors, successors, and assigns, whether used in commerce in the United States or abroad

    distribute, offer for sale, and/or sell infringing copies of Plaintiffs' Copyrighted Works and/or Plaintiffs' Marks

III. **ORDERED** that the funds in the following accounts listed below shall be disbursed to Plaintiffs through their counsel Oppenheim + Zebrak, LLP:

 a) JPMorgan (Account No. ***2619)

 b) Capital One (Account No. ***7218)

 c) Capital One (Account No. ***7017)

 d) Capital One (Account No. ***7286)

 e) Capital One (Account No. ***9131)

 f) Capital One (Account No. ***6376)

 g) Capital One (Account No. ***3005)

 h) Capital One (Account No. ***9263)

 i) Capital One (Account No. ***8247)

 j) Capital One (Account No. ***0978)

 k) Capital One (Account No. ***9308)

 l) Capital One (Account No. ***7046)

 m) Capital One (Account No. ***0945)

 n) Capital One (Account No. ***6800)

 o) Capital One (Account No. ***0919)

 p) Capital One (Account No. ***1181)

 q) Capital One (Account No. ***2143)

 r) Capital One (Account No. ***6166)

 s) JPMorgan (Account No. ***0322)

    t)  JPMorgan (Account No. ***0238)

    u)  JPMorgan (Account No. ***2978)

    v)  JPMorgan (Account No. ***2623)

    w)  JPMorgan (Account No. ***3880)

    x)  JPMorgan (Account No. ***5643)

    y)  E-TRADE (Account No. ***8091)

    z)  E-TRADE (Account No. ***8092)

    aa) E-TRADE (Account No. ***9894)

    bb) E-TRADE (Account No. ***0547)

    cc) E-TRADE (Account No. ***7739)

    dd) E-TRADE (Account No. ***3348)

    ee) E-TRADE (Account No. ***2727)

    ff)  E-TRADE (Account No. ***2729)

    gg) Amazon (ASIGJU3E80TZZ)

    hh) Amazon (A1KVXHFGDK18Z6)

    ii)  Amazon (AUJVS5879E9OV)

    jj)  Amazon (A1SCHPV8CHT0QA)

**IV.** **ORDERED** that, in addition to the disbursement of funds pursuant to Section III above, the Defendants shall pay $100,000 to Plaintiffs, through their counsel Oppenheim + Zebrak, LLP.

**V.** **FURTHER ORDERED** For avoidance of doubt, and subject to and consistent with the terms of this Permanent Injunction, the Preliminary Injunction Order currently in place regarding a restraint on Defendants' accounts at Amazon and

financial institutions, including, but not limited to the following accounts at Capital One Bank ending *6994, *8464, *4923, *5911, *6035, *1948, *7313, *8911, and *5843, is immediately dissolved.

VI. **FURTHER ORDERED** that the Court retains jurisdiction for the purpose of enforcing this Order. Without limiting the foregoing, in the event Plaintiffs discover any new storefronts owned or operated by Defendants in violation of any of the terms of this Permanent Injunction, Plaintiffs may move the Court for a supplemental order as may be appropriate to effectuate the purposes of this Permanent Injunction.

**SO ORDERED** this __1st__ day of ____March____, 2021.

/s/ **Kimba M. Wood**
HON. KIMBA M. WOOD
United States District Judge

# Appendix A: Plaintiffs' Imprints

| **Cengage Learning** |
|---|
| Brooks Cole |
| Cengage |
| Cengage Learning |
| Course Technology |
| Delmar |
| Gale |
| Heinle |
| Milady |
| National Geographic Learning |
| South-Western Educational Publishing |
| Wadsworth |
| **McGraw Hill** |
| Irwin |
| Lange |
| McGraw-Hill |
| McGraw-Hill Education |
| McGraw-Hill Higher Education |
| McGraw-Hill Professional |
| McGraw-Hill Ryerson |
| McGraw-Hill/Appleton & Lange |
| McGraw-Hill/Contemporary |
| McGraw-Hill/Dushkin |
| McGraw-Hill/Irwin |
| McGraw Hill |
| NTC/Contemporary |
| Osborne |
| Schaum's |
| **Pearson** |
| Addison Wesley |
| Adobe Press |
| Allyn & Bacon |
| Benjamin Cummings |
| Brady |
| Cisco Press |
| Financial Times Press/FT Press |
| IBM Press |
| Longman |
| New Riders Press |
| Peachpit Press |
| Pearson |
| Pearson Education |
| Que Publishing |
| Sams Publishing |