```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   3/4/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
PEARSON EDUCATION, INC.; CENGAGE
LEARNING, INC.; and MCGRAW-HILL
GLOBAL EDUCATION HOLDINGS, LLC,

                              Plaintiffs,

              -against-

HELIOSBOOKS, INC.; RAMAN
KANDOLA; HAMID KHAN; SHARMA
RAJESH; YK SHARMA; BHAGWAT
PRAKASH; OLIVER W. CHEN; SIOW
HONG CHANG; BLUE ROCKET
BOOKS, LTD.; MENG ZHANG; MANUJ
OBEROI; DERICK RADFORD;
DILSHAD SAIFI; and DOES 1–10,

                              Defendants.

17-CV-203 (KMW)

**ORDER**

----------------------------------------------------------X
KIMBA M. WOOD, United States District Judge:

      Plaintiffs have moved to amend the operative complaint in this action and to name new parties. (ECF No. 197.) Attached to this motion is a new complaint (the "Proposed Complaint," ECF No. 197-1) that would add two new plaintiffs, seventy-six new defendants, and various new factual allegations. As the Court has considered this motion under the "good cause" standard of Rule 16 of the Federal Rules of Civil Procedure and the liberal standard of Rules 15 and 21, it has become clear that the procedural complexity of the docket creates a need for clarification as to Plaintiffs' intent.[1]

---

[1] One source of confusion stems from Judge Batts's grant in 2019 of Plaintiffs' motion to sever Dann Divine and seven other Defendants into a new action (*see* Tr. at 10, ECF No. 205), which severance was not reflected by the designation of a new docket number. Filings in both actions, the "*Divine* action" and the original, "*Heliosbooks* action," were entered as if they were in the same case (docket number 17-CV-203).

Plaintiffs' recent briefing asserts that no scheduling order governs the *Heliosbooks* action, which would preclude the need to satisfy the "good cause" standard of Rule 16. As recognized in actions taken by Plaintiffs (ECF No. 191) and by the Court (*e.g.*, ECF No. 192), however, the deadlines established in the Scheduling Order and Discovery

Amending the complaint as Plaintiffs propose would have the confusing effects of reopening orders that had been styled as "final" judgments and of dismissing nearly all current Defendants from the case. While it is conceivable that these outcomes match Plaintiffs' intent, the Court's responsibility to manage its docket "with a view toward the efficient and expedient resolution of cases," *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016), urges caution against the possibility of creating procedural complications that must then be unwound. Plaintiffs are ordered to submit a letter to the Court in accordance with the directions at the conclusion of this Order.

Two dynamics produce the need for clarification. First, there is a lack of finality in the prior orders entered in the *Heliosbooks* action. Heliosbooks, Inc. ("Heliosbooks") has not received a final judgment because Plaintiffs successfully requested that Heliosbooks be removed from the inquest to determine damages. (*See* ECF No. 153.) An order that determines liability but leaves the amount of damages undecided is not "one that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Nelson v. Unum Life Ins. Co. of Am.*, 468 F.3d 117, 119 (2d Cir. 2006) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978)). With no final judgment against Heliosbooks, the Court has "adjudicate[d] fewer than all the claims or the rights and liabilities of fewer than all the parties." Fed. R. Civ. P. 54(b). The Court has not directed entry of final judgment, nor "expressly determine[d] that there is no just reason for delay" as to any of the other Defendants that remain in the *Heliosbooks* action.[^1] *Id.* For this reason, *none* has a final disposition.

[^1]: Plan issued at ECF No. 155, as amended in ECF Nos. 168, 169, 177, 178, 183, and 192, apply to the *Heliosbooks* action as well as the *Divine* action.

Second, amending the complaint would significantly unsettle aspects of this case that had long seemed settled. The complex procedural history of the case may have obscured this fact. Ten Defendants who defaulted as to the First Amended Complaint would be added back into this litigation. (*See* ECF No. 151.) The Proposed Complaint would reopen the question of liability as to these ten Defendants—notwithstanding that the Court entered a purportedly "final" judgment against them in March 2020, and notwithstanding that the Court adopted damages determinations with respect to nine of them in March 2021. (ECF Nos. 151, 190.)

Furthermore, superseding the operative complaint would require dismissal of twelve Defendants that were named in the First Amended Complaint, but are not named in the Proposed Complaint—the nine defaulted Defendants with damages determinations who have not been voluntarily dismissed after settlement; Blue Rocket Books, Ltd., which had a stipulated judgment entered in December 2017 that was not certified as a partial final judgment pursuant to Rule 54(b) (ECF No. 101); and two named Defendants who appear not to have been addressed in this litigation since becoming subject to a preliminary injunction in February 2017, Raman Kandola and Derick Radford. Heliosbooks is the only Defendant named in both the First Amended Complaint and the Proposed Complaint. "It is . . . generally the case that '[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived.'" *Elliott v. City of Hartford*, 649 F. App'x 31, 32 (2d Cir. 2016) (quoting *Austin v. Ford Models, Inc.*, 149 F.3d 148, 155 (2d Cir. 1998)). The Proposed Complaint would therefore be equivalent to Plaintiffs waiving their claims against the twelve Defendants cited in the first sentence of this paragraph.

In light of the foregoing discussion, **THE COURT HEREBY ORDERS** Plaintiffs to submit a letter to the Court by March 17, 2022 stating whether they (a) wish the Court to

consider its motion as written, notwithstanding the foregoing discussion, or (b) withdraw their motion, with the intent to file an updated motion to amend accompanied by a revised proposed complaint.

Plaintiffs' letter must clarify the status and amounts of any funds they have received from the remaining Defendants that were subject to the inquest conducted by Magistrate Judge Fox and for whom the Court adopted damages determinations. (ECF Nos. 184, 190.)

In the event that Plaintiffs choose to amend the Proposed Complaint, they may file a renewed motion and revised proposed complaint with the Court no later than April 18, 2022. If the revised proposed complaint consists of allegations and parties found in the current Proposed Complaint and the First Amended Complaint, the time between the filing of the instant motion on June 11, 2021 and the submission of a new motion will not be held against Plaintiffs as evidence of undue delay or a lack of diligence.

**IT IS FURTHER ORDERED** that, to reflect Judge Batts's severance of the *Divine* action, the Clerk of Court is respectfully directed to:

- Designate a new docket number for the *Divine* action (in which plaintiffs Pearson Education, Inc.; Cengage Learning, Inc.; and McGraw-Hill Global Education Holdings, LLC, sue Dann Divine; Daphnee Divine; Rejoice Senaye; Mawuli Krah; Roschelle Salmon; Joshua Khalifa; Bridgeports Int'l Inc.; and Happy Families Int'l Inc.), waiving the filing fee for that new case;

- Designate this newly opened case as related to the litigation at docket number 17-CV-203 and therefore assign the new case to this Court;

- File in the newly opened case copies of the documents found under docket number 17-CV-203 at ECF Nos. 137 through 150, 152 through 155, 162 through 172, 175 through 183, and 185 through 189;

- Terminate the newly opened case, because final judgments have been entered with respect to all eight defendants in that case; and

- Change the caption of the case at docket number 17-CV-203 to match the caption of this Order.

**IT IS FURTHER ORDERED** that the Clerk of Court is respectfully directed to enter final judgment against Blue Rocket Books, Ltd. in the case with docket number 17-CV-203.[2] Because of the substantial amount of time that has passed since entry of the purportedly final judgment against Blue Rocket Books, Ltd. and the company's possible reliance on the stipulated terms of that judgment (ECF No. 101), the Court holds that there is no just reason for delay and certifies the judgment as final and appealable pursuant to Rule 54(b). This final judgment shall be identical in terms to the stipulated Order at ECF No. 101.

SO ORDERED.

Dated: New York, New York
       March 4, 2022

                                                                   */s/ Kimba M. Wood*
                                                                 KIMBA M. WOOD
                                                           United States District Judge

---

[2] In the "appropriate case," a court may consider *sua sponte* whether to direct partial final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. *Lankler, Siffert & Wohl, LLP v. Rossi*, No. 02 Civ. 10055 (RWS), 2004 WL 541842, at *3 (S.D.N.Y. Mar. 19, 2004) (Sweet, J.), *aff'd*, 125 F. App'x 371 (2005).