```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:    3/31/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
PEARSON EDUCATION, INC.; CENGAGE
LEARNING, INC.; and MCGRAW-HILL
GLOBAL EDUCATION HOLDINGS, LLC,

                Plaintiffs,

      -against-

HELIOSBOOKS, INC.; HAMID KHAN;
SHARMA RAJESH; YK SHARMA;
BHAGWAT PRAKASH; OLIVER W.
CHEN; SIOW HONG CHANG; MENG
ZHANG; MANUJ OBEROI; DILSHAD
SAIFI; and DOES 1–10,

                Defendants.
--------------------------------------------------------X

17-CV-203 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

      Two motions by Plaintiffs Pearson Education, Inc.; Cengage Learning, Inc.; and McGraw-Hill Global Education Holdings, LLC are before the Court in this action for copyright and trademark infringement. First, Plaintiffs have moved this Court to certify as final and appealable the judgments against nine Defendants for whom the Court has adopted damages determinations. (ECF No. 213.) Second, Plaintiffs have moved to amend their complaint and to name additional parties. (ECF No. 197.) The proposed complaint attached to their motion (the "Proposed Complaint," ECF No. 197-1) would add two new plaintiffs, seventy-six new defendants, and various new factual allegations. Defendant Heliosbooks, Inc. ("Heliosbooks") entered an appearance following Plaintiffs' motion to amend the complaint and opposed that motion. (Opp'n, ECF No. 203.) For the reasons set forth below, Plaintiffs' motions are GRANTED.

## BACKGROUND

This copyright and trademark infringement suit was brought by three major educational publishers: Pearson Education, Inc. ("Pearson"); Cengage Learning, Inc.; and McGraw-Hill Global Education Holdings, LLC. Through several iterations, Plaintiffs' pleadings allege that a broad range of entities imported, distributed, or sold counterfeit versions of Plaintiffs' textbooks through online marketplaces such as Amazon.com and ValoreBooks.com. Most of the procedural history of this case does not bear reiteration in this opinion, so a brief overview follows.

Plaintiffs filed this case on January 11, 2017 as a Doe action. (ECF No. 1.) After completing expedited discovery, Plaintiffs filed the First Amended Complaint in February 2017, which named thirty-one individual or corporate Defendants and ten Doe Defendants. (First Am. Compl. ("FAC"), ECF No. 28.) It remains the operative complaint in this action. Numerous Defendants named in the First Amended Complaint were voluntarily dismissed or severed into separate actions.[1] The Court entered a purportedly final default judgment and permanent injunction against Heliosbooks and eleven other Defendants on March 5, 2020, and referred to Magistrate Judge Fox an inquest to ascertain damages. (ECF No. 151.) Plaintiffs successfully moved one week later to exclude Heliosbooks from the inquest and for leave to conduct additional discovery into alleged violations of this Court's injunctions by Heliosbooks's directors and owners. (*See* ECF No. 152.) The Court adopted damages determinations recommended by Magistrate Judge Fox for the other eleven Defendants, but did not certify partial final judgments against those Defendants pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. (ECF

---

[1] The procedural history of the severance of Dann Divine and seven other Defendants into a new action is set forth in the Court's March 4, 2022 Order. (ECF No. 211.)

No. 190.) Two of those defaulted Defendants later settled with Plaintiffs and were voluntarily dismissed. (ECF Nos. 174, 194.)

In its Order of March 4, 2022, the Court took several actions to clarify the state of the docket. (ECF No. 211.) After that point, the remaining Defendants in this action were Heliosbooks, nine Defendants for whom the Court had adopted damages determinations (the "Inquest Defendants"), and two others, for whom Plaintiffs quickly filed notices of voluntary dismissal. (*See* ECF Nos. 217, 218.) At the Court's request, Plaintiffs specified that they wished to amend their complaint by filing the Proposed Complaint as currently written. (ECF No. 213.) To facilitate this outcome, Plaintiffs moved the Court to certify partial final judgments against the nine Inquest Defendants pursuant to Rule 54(b). (*Id.*) No Defendant availed itself of the opportunity to respond in opposition to the motion for Rule 54(b) certification.

## DISCUSSION

### I. Rule 54(b) Certification

Plaintiffs move to certify the judgments against the nine Inquest Defendants as final pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. A court may enter a partial final judgment pursuant to Rule 54(b) when three conditions are met: "(1) there are multiple claims or parties; (2) at least one claim or the rights and liabilities of at least one party has been finally determined; and (3) the court makes an express determination that there is no just reason for delay." *Acumen Re Mgmt. Corp. v. Gen. Sec. Nat'l Ins. Co.*, 769 F.3d 135, 140 (2d Cir. 2014) (internal quotation marks and brackets omitted).

The first two conditions are clearly met. Multiple Defendants remain in this action—ten in total, not including the other ten Doe Defendants. All nine Inquest Defendants that are the subjects of Plaintiffs' motion have had both their liability and the associated remedy (a damages

3

calculation and permanent injunction) determined. (ECF Nos. 151, 190.) Each Inquest Defendant has "a 'judgment' in the sense that it is a decision upon a cognizable claim for relief" that is "'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)).

The third condition is that the Court determine expressly that there is no just reason for delay in certifying these judgments as final and appealable. In making this determination, "[t]he proper guiding star, as the Supreme Court has emphasized, is 'the interest of sound judicial administration.'" *Ginett v. Computer Task Grp., Inc.*, 962 F.2d 1085, 1095 (2d Cir. 1992) (quoting *Curtiss-Wright*, 446 U.S. at 8). Factors to consider include "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Choi v. Tower Rsch. Cap. LLC*, No. 14-CV-9912, 2020 WL 2317363, at *1 (S.D.N.Y. May 11, 2020) (Wood, J.) (alterations in original) (quoting *Curtiss-Wright Corp.*, 446 U.S. at 8).

The claims against the nine Inquest Defendants are separable from the others remaining to be adjudicated. These claims "involve at least some different questions of fact and law and could be separately enforced" from those that remain against Heliosbooks; they are thus separable within the meaning of Rule 54(b). *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 21 (2d Cir. 1997). The claims for which the Court adopted damages determinations are premised upon the sale of different counterfeit textbooks via different online storefronts than are the pending claims against Heliosbooks. (*See* FAC ¶ 58; FAC, Ex. A, ECF No. 28-1.) In the unlikely event that the Inquest Defendants were to appeal partial final

4

judgments against them, the only issue in common with the claims against Heliosbooks would likely be the validity of Pearson's trademarks. These trademarks are "well-known and protected by Plaintiffs," *Pearson Educ., Inc. v. Kumar*, 721 F. Supp. 2d 166, 189 (S.D.N.Y. 2010) (Haight, J.) (internal quotation marks omitted), *vacated in part on other grounds*, 523 F. App'x 16 (2d Cir. 2013), and there is no shortage of intellectual property litigation in which Pearson's trademarks have been determined to be valid, *see, e.g.*, *id.* ("Plaintiffs [including Pearson] . . . have shown that they own valid, legally protectible trademarks for all of the [textbook] editions at issue in this litigation.").

Courts assessing whether there are just reasons for delay also consider the equities involved. *See Curtiss-Wright*, 446 U.S. at 8. In this case, there is no indication that further delay would create hardship for any party other than Plaintiffs. More than two years have passed since the entry of default against these Defendants, and the Court adopted Magistrate Judge Fox's damages determinations more than one year ago. (ECF Nos. 151, 190.) During that time, none of the defaulted Inquest Defendants has moved to set aside the default pursuant to Rule 55(c) or Rule 60(b) or taken any other action to object to the outcome. Because neither the interest of sound judicial administration nor the equities involved requires otherwise, the Court finds that there is no just reason for delay and will direct the Clerk of Court to enter final judgments pursuant to Rule 54(b) against each of the nine Inquest Defendants.

## II.     Motion to Amend the Complaint and Name Additional Parties

### A.  Rule 16

The motion to amend the complaint and name additional parties was filed on June 11, 2021 (ECF No. 197), after the deadline set in the applicable Scheduling Order. As modified, that Order states that "[n]o additional parties may be joined" and "[n]o additional causes of action or

defenses may be asserted" after July 15, 2020. (Am. Sched. Order ¶ 1, ECF No. 183.)[2] For this reason, a threshold inquiry is whether Plaintiffs have demonstrated good cause to modify the Court's schedule pursuant to Rule 16 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 16(b)(4); *Moore v. Publicis Groupe SA*, No. 11-CV-1279, 2012 WL 2574742, at *5 (S.D.N.Y. June 28, 2012) (Carter, J.).

Plaintiffs have met this standard. "The 'primary consideration' in determining whether good cause exists within the meaning of Rule 16(b)(4) is 'whether the moving party can demonstrate diligence'" in meeting the Court's deadlines. *Marbury v. Pace Univ.*, No. 20-CV-3210, 2021 WL 5521883, at *1 (S.D.N.Y. Nov. 24, 2021) (Furman, J.) (quoting *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir. 2007)). Plaintiffs have been diligent in seeking to move this action forward. Plaintiffs moved to reopen discovery into possible continued infringement by Heliosbooks and related entities more than four months before the deadline to name additional parties. (ECF No. 152.) At that time, Plaintiffs expressed their intent "if appropriate" to "move to amend the complaint to include additional entities and claims uncovered through discovery." (*Id.* at 3.) The Court extended the period during which Plaintiffs could engage in third-party discovery related to Heliosbooks, permitting such discovery to last through May 14, 2021. (ECF No. 192.) Plaintiffs moved for leave to file a motion to amend their complaint just four days after that period closed, a motion that the Court granted. (ECF No.

---

[2] Plaintiffs contest whether the Scheduling Order applies to this action. (*See* ECF No. 213.) The Order applies for several reasons: The Order requiring submission of a proposed Scheduling Order and Discovery Plan was addressed to "the parties," under a caption identifying the Defendants as "Heliosbooks Inc., et al." (ECF No. 153.) While confusion was understandable as a result of the procedural complexities described in this Court's March 4, 2022 Order, the Court has clearly stated that the Discovery Plan that was filed in the same docket entry as the Scheduling Order set "the operative discovery deadline" for Heliosbooks. (*See* ECF No. 192.) District courts are obligated to adopt a scheduling order in each action that is before them. *See* Fed. R. Civ. P. 16(b)(2). In any event, the analysis below shows that Plaintiffs have satisfied the Rule 16 good cause standard to modify the Court's deadlines. Any lingering confusion will be rendered immaterial by the Court's adoption of a new Scheduling Order and Discovery Plan for this action after Plaintiffs amend their complaint.

196.) Moreover, the failure of any of the remaining Defendants to appear until after the motion to amend the complaint was filed would doubtlessly have slowed even the most diligent litigant's efforts to secure necessary information in discovery.

### B. Rules 15 and 21

Plaintiffs easily satisfy the liberal standard of Rules 15 and 21 that they must meet for their motion to be granted. Amending one's pleadings at this stage requires leave of court, but "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). While motions to name additional parties are technically governed by Rule 21, the standard is identical under Rules 15 and 21. *See Bridgeport Music, Inc. v. Universal Music Grp., Inc.*, 248 F.R.D. 408, 412 (S.D.N.Y. 2008) (Marrero, J.). It is within a district court's discretion to deny leave to amend "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). The burden is on the non-movant to establish one of these good reasons not to grant leave to amend. *See Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993).

Heliosbooks's sparse briefing fails to carry its burden. Heliosbooks does not assert any futility or bad faith in Plaintiffs' motion. The third factor, undue delay, is generally insufficient on its own to deny leave to amend. Instead, the amount of undue delay chiefly increases or decreases the required showing of bad faith or undue prejudice, along a sliding scale. *See id.* The delay in filing the instant motion seems attributable in large part to Defendants' failure to appear or to participate in the process of discovery, which could have led this case to a resolution far sooner. Plaintiffs cannot be faulted for Defendants' inaction.

Heliosbooks also missteps in its arguments asserting undue prejudice. Despite being the only party opposing Plaintiffs' motion, Heliosbooks does not give any indication of how *it*— rather than others—would be prejudiced by the filing of the new Proposed Complaint. In fact,

7

amending the complaint would have the effect of setting aside Heliosbooks's default, a seemingly beneficial outcome for the company. Heliosbooks argues instead that Saurabh Aggarwal, its principal and an individual Plaintiffs propose to add as a defendant, would be prejudiced. It writes that Aggarwal "had been defending the action as a corporation," and now would "have to expend significant resources to . . . start the case over again, this time . . . as an individual." (Opp'n at 7.) Prejudice to persons outside of the litigation is not material to the Rule 15 inquiry. *See Multi Access Ltd. v. Guangzhou Baiyunshan Pharm. Holdings Co.*, No. 20-CV-7397, 2021 WL 5647790, at *1 (S.D.N.Y. Nov. 30, 2021) (Liman, J.) ("Defendants identify no prejudice . . . they would suffer by having these new defendants added to the case by way of amendment rather than . . . by having Plaintiff file a new lawsuit naming the eight new defendants."). Even if prejudice to a non-party were relevant, ordinary litigation expenses do not create substantial prejudice. *Block*, 988 F.2d at 351.

Because Heliosbooks has not carried its burden, and because justice so requires, the Court grants Plaintiffs' motion for leave to amend their complaint and name additional parties.

## CONCLUSION

For the aforementioned reasons, the Court finds there is no just reason for delay; Plaintiffs' motion to certify judgments as final and appealable pursuant to Rule 54(b) is GRANTED. The Clerk of Court is respectfully directed to enter final judgment against the following nine Defendants, in terms consistent with the Order at ECF No. 151 and the damages determinations in the Report and Recommendation prepared by Magistrate Judge Fox (ECF No. 184), which were adopted by this Court (ECF No. 190): Siow Hong Chang, Oliver W. Chen,

Hamid Khan, Manuj Oberoi, Bhagwat Prakash, Sharma Rajesh, Dilshad Saifi, YK Sharma, and Meng Zhang.

Plaintiffs' motion for leave to amend the complaint and name additional parties is GRANTED. Plaintiffs may file the Proposed Complaint (ECF No. 197-1), along with its accompanying exhibits (ECF Nos. 197-2, 197-3, 197-4). Thereafter, the Court will require the parties jointly to submit a proposed Scheduling Order and Discovery Plan to govern the proceedings in this case.

The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 197.

SO ORDERED.

Dated: New York, New York
       March 31, 2022                          */s/ Kimba M. Wood*
                                               KIMBA M. WOOD
                                               United States District Judge