```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   8/26/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

PEARSON EDUCATION, INC., ELSEVIER
INC., BEDFORD, FREEMAN & WORTH
PUBLISHING GROUP, LLC d/b/a
MACMILLAN LEARNING, CENGAGE
LEARNING, INC., and MCGRAW HILL LLC,

                Plaintiffs,

        -against-

SAURABH AGGARWAL, ASHOK
KUMAR, AYUSH AGGARWAL,
SHIKHA AGGARWAL, NATASHA
AGGARWAL, SAVITA AGGARWAL,
ABC PUBLISHERS & DISTRIBUTORS
PVT. LTD., ABCPD INTERNATIONAL
LTD., ACADEMICBOOKS INC.,
ACUITY CORP., AEGIS TRADING
CORP., AGGARWAL BOOK CENTRE,
AGGARWAL OVERSEAS, ALLEGIS
CORP., AMACO CORP., APPLEBEE'S
CORP., ASPYR CORP., ASPYR
INTERNATIONAL LTD., BIRDWELL
CORP., BOOKMOR CORP., BOOKMAX
CORPORATION, BOOKPORT CORP.,
BOOKREX CORP., BOOKSNESENCE,
BOWLMOR CORP., BOYD BRANDS
INC., BRUKER INTERNATIONAL
CORP., COLECO CORP., COLUMBIA
BOOK CORP., CONS MED
DISTRIBUTORS CORP., CYNA
TRADING, DENBURY CORP.,
DESCRIBINGBOOKS INC., DIPPIN
CORP., DYNERGY MEDIA INC., EBF
CORP. LTD., ENCORE CORP. LTD.,
FANAKA TRADING INC., FLEXI
TRADING CORP, FRASCA CORP.,
GOGREEN BOOKS CORP.,
GOODWILLBOOKS INC., GRAN
BOOKS INC., HELIOSBOOKS INC.,
IVORY BOOKS CORP., KROGER
CORP., LIBERTY BOOKS, INC.,
LOVEFREIGHT LTD., MAGNA WORLD

17-CV-203 (KMW)

**OPINION & ORDER**

CORPORATION, MITTEL INC.,
NATWORLD CORP., NORTEL CORP.,
QUATTRO TRADING INC., REGENT
INTERNATIONAL, RENNICS
BOOKSHOP AFRICA LTD., SALVIA
CORP., SASHA INTERNATIONAL,
LLC, SIERRA BOOKWORLD LIMITED,
SIGNA CORP., TRANSGLOBALBOOKS
CORP., TURBOBOOKS CORP.,
UNIWORLDBOOKS INC., VARAHA
CORP., VEDI BOOKS PVT. LTD.,
WHITE LEAF CORP.,
YOUBOOKWORLD INC., and ZETTA
CORP.,

                                 Defendants.

------------------------------------------------------X

KIMBA M. WOOD, United States District Judge:

      Plaintiffs allege that they have been unable to serve certain corporate defendants[1] in this suit and move the Court to authorize service by email pursuant to Federal Rule of Civil Procedure 4. For the reasons set below, Plaintiffs' motion is GRANTED with respect to Defendants located in the United States ("U.S. Defendants") and India ("India Defendants"). Plaintiffs' motion is DENIED with respect to Defendants located in the United Kingdom ("U.K. Defendants"), without prejudice to renewal.

---

[1] Plaintiffs address three cohorts of corporate defendants for purposes of this motion: (1) entities registered in the United States whose registered agents declined to accept service ("U.S. Defendants"), (2) entities registered in the United Kingdom, and (3) entities registered in India (together, "Foreign Defendants"). The U.S. Defendants are identified in footnote 2 of Plaintiffs' Memorandum of Law in Support of their Motion to Serve by Email. (*See* Pls.' Mem. of Law in Supp. of Their Mot. to Serve by Email [hereinafter Pls.' Mem of Law], ECF No. 269.) The Foreign Defendants are identified in footnote 3 of Pls.' Mem. of Law. "Individual Defendants" refers to Saurabh Aggarwal, Ashok Kumar, Ayush Aggarwal, Shikha Aggarwal, Natasha Aggarwal, and Savita Aggarwal. Plaintiffs move to serve Mittel Inc. by email but did not provide an affidavit of non-service in the Declaration accompanying their motion. (*See* Decl. of Danae Tinelli in Supp. of Pls.' Mot. to Serve by Email [hereinafter Tinelli Decl.], ECF No. 270.) In addition, Plaintiffs name the following Defendants in this suit but did not request an issuance of summons for them with respect to the Third Amended Complaint: Heliosbooks, Inc., Lovefreight Ltd., and Salvia Corp. (*See* ECF No. 228.)

2

## BACKGROUND

Plaintiffs, educational book publishers, sue online retailers for copyright and trademark infringement. Plaintiffs allege that Defendants imported, distributed, or sold counterfeit versions of Plaintiffs' textbooks via online marketplaces. (*See* Third Am. Comp. ("TAC"), ECF No. 225.) The procedural history of this case is lengthy and does not bear repeating in detail. Only the pertinent portions of this history are summarized below.

Plaintiffs initiated this lawsuit on January 11, 2017 against Doe Defendants. (ECF No. 1.) Plaintiffs subsequently filed the First Amended Complaint on February 7, 2017, naming thirty-one individual or corporate Defendants and ten Doe Defendants. (First Am. Compl. ("FAC"), ECF No. 28.) After a series of voluntary dismissals, default judgments, and severed defendants, the Court took several actions to clarify the state of the docket on March 4, 2022. (ECF No. 211.) Following additional discovery, Plaintiffs were granted leave to again amend the complaint and name additional parties. (ECF. No. 221.) Plaintiffs filed the Third Amended Complaint on April 6, 2022. (ECF No. 225.)

Plaintiffs received waivers of service from fourteen Defendants named in the TAC, including Individual Defendants. (ECF No. 230.) The Court then directed Plaintiffs to serve all remaining U.S.-based Defendants by July 5, 2022. (ECF No. 233.) Since then, Plaintiffs have actively attempted to serve the remaining U.S. Defendants. (ECF No. 236.) Fourteen of the remaining U.S. Defendants were successfully served but did not timely respond to the TAC. (*See* ECF No. 259.) Accordingly, the Clerk of the Court entered a Certificate of Default for these Defendants on July 26, 2022. (ECF No. 264.) Plaintiffs were granted an additional thirty days to serve the remaining U.S. Defendants named in the TAC, with service due by August 4, 2022. (ECF No. 257.) Plaintiffs filed a Notice of Voluntary Dismissal as to thirteen U.S.-based

defendants on August 4, 2022.  (ECF No. 267.)  Plaintiffs filed this motion to serve by email that same day.  (ECF No. 268.)

## DISCUSSION

Plaintiffs move for service by email with respect to three groups of corporate Defendants: (1) those located in the United States, (2) those located in the United Kingdom, and (3) those located in India.  Federal Rule of Civil Procedure 4(h) governs service of process on corporate defendants and provides different procedures for service upon corporate defendants within and outside of the United States.  The Court considers each procedure in turn.

**I.     Service on Corporate Defendants in the U.S.**

Rule 4(h)(1) governs service of process on corporate defendants within the U.S. and provides:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation . . . must be served . . . in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . . ."

Fed. R. Civ. P. 4(h).  Rule 4(e)(1) provides, in pertinent part, that "an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ."  Fed. R. Civ. P. 4(e).  As this action was brought in New York, New York law applies.

Plaintiffs were unsuccessful in their attempts to serve process pursuant to Rule 4(h)(1)(B)

4

by serving the U.S. Defendants via their registered agents.  (Tinelli Decl. Ex. 1.)  Accordingly, Rule 4(h)(1)(A), which directs plaintiffs to Rule 4(e)(1), is the relevant governing rule with respect to the corporate Defendants located in the U.S.

### A.  New York Civil Practice Law and Rules

Rule 4(e)(1) allows service on a U.S. corporation to be effectuated in accordance with state law.  Fed. R. Civ. P. 4(e).  In New York, personal service upon a corporation is governed by New York Civil Practice Law and Rules § 311.  Section 311 requires personal service upon a domestic corporation, unless personal service is "impracticable," in which case the court may authorize an alternative means of service.  N.Y. C.P.L.R. §311.  Pursuant to § 311(a)(1), the summons shall be delivered:

> upon any domestic . . . corporation, to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service.

*Id.* § 311(a)(1).  And "[i]f service upon a domestic . . . corporation within . . . one hundred twenty days . . . is impracticable under [311(a)(1)] . . . service upon the corporation may be made in such manner, and proof of service may take such form, as the court, upon motion without notice, directs."  *Id.* § 311(b).

#### 1.  Personal Service Pursuant to Section 311(a)

Section 311(a)(1) identifies individuals upon whom personal service may be made, including an "officer, director, managing or general agent." *Id.* §311(a).  Plaintiffs attempted personal service upon the registered agents for each of the U.S. Defendants, but were unsuccessful.  (Tinelli Decl. ¶ 4.)  Plaintiffs also sought waivers of service for the U.S. Defendants from counsel for the Individual Defendants, who are directors or managers of the U.S. Defendants.  (*Id.* ¶ 3.)  Counsel for Individual Defendants does not represent U.S. Defendants and declined to provide these waivers to Individual Defendants in their capacity as

5

directors or managers of the U.S. Defendants. (*Id.*) Accordingly, Plaintiffs were unable to perfect service pursuant to § 311(a)(1). As stated above, when service via § 311(a)(1) is foreclosed, § 311(b) provides for court-ordered alternate means.

### 2. Impracticability and Section 311(b)

Before a court may direct alternate means of service under 311(b), it must determine that service pursuant to 311(a)(1) is "impracticable." N.Y. C.P.L.R. §311(b). "A plaintiff can demonstrate that service by conventional means is 'impracticable' by making diligent, albeit unsuccessful efforts to obtain information regarding a defendant's current residence, business address or place of abode." *GP Acoustics (US), Inc. v. J&V Audio, Inc.*, No. 17-CV-05305, 2017 WL 11570459, at *2 (S.D.N.Y. Sept. 13, 2017) (Hellerstein, J.) (quoting *Snyder v. Alternate Energy Inc.*, 857 N.Y.S.2d 442, 446 (Civ. Ct. 2008)). Impracticability "does not require proof of due diligence or of actual prior attempts to serve a party under the other provisions of the statute." *Shamoun v. Mushlin*, No. 12-CV-03541, 2013 WL 91705, at *2 (S.D.N.Y. Jan. 8, 2013) (Nathan, J.).

In this action, Plaintiffs have shown that they made actual attempts to serve the U.S. Defendants. Plaintiffs attempted to serve U.S. Defendants via their registered agents, but service was rejected. (*See* Tinelli Decl. ¶ 4.) The facts do not indicate that these defendants may be reached at addresses other than those listed in their public registrations. Indeed, many of these defendants appear to have been dissolved. (*Id.* Ex. 1.) Accordingly, personal service pursuant to 311(a) is "impracticable," and the Court may direct another means of service.

### B. Due Process

Before authorizing email as a means of service, the Court must determine that this means satisfies due process. Due process requires any means of service to be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford

6

them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Service by email has been authorized where a plaintiff has "supplied . . . some facts indicating that the person to be served would be likely to receive the summons and complaint at the given email address." *NYKCool A.B. v. Pac. Int'l Servs., Inc.*, 66 F. Supp. 3d 385, 391 (S.D.N.Y. 2014) (Kaplan, J.); *see also Elsevier, Inc. v. Siew Yee Chew*, 287 F. Supp. 3d 374, 379 (S.D.N.Y 2018) (Gorenstein, M.J.). Service via email can be "particularly appropriate" where the "defendants engage in online business and regularly communicate with customers through functional email addresses." *Elsevier,* 287 F. Supp. 3d at 379.

Plaintiffs have identified email addresses for each of the U.S. Defendants. (*See* Tinelli Decl. Ex. 2.) Plaintiffs assert that these defendants "have interchangeably used similar, if not identical, email addresses to conduct their businesses" online. (Tinelli Decl. ¶ 5.) The U.S. Defendants are thus likely to receive the summons and complaint at these email addresses. Moreover, Individual Defendants, who are directors or managers of the U.S. Defendants, are aware of this suit. Therefore, service to these email addresses satisfies the due process requirement.

## II.     Service on Corporate Defendants Outside the U.S.

Rule 4(h)(2) governs service of process on corporate defendants outside of the U.S. and provides that service may be made "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h). Rule 4(f) provides that service of process on foreign individuals may be made:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice . . . ; or

7

>  (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

### A. Court-Order Service Pursuant to Rule 4(f)(3)

A plaintiff is not required to attempt service through the other provisions of Rule 4(f) before the Court may order service pursuant to Rule 4(f)(3). *See Elsevier*, 287 F. Supp. 3d at 377 (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)). "Service under subsection [4(f)](3) is 'neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant.'" *Advanced Aerofoil Techs., AG v. Todaro*, No. 11-CV-9505, 2012 WL 299959, at *1 (S.D.N.Y. Jan. 31, 2012) (Carter, J.) (quoting *Rio Props., Inc.*, 284 F.3d at 1015).

"The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court." *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 115 (S.D.N.Y. 2010) (Leisure, J.) (citation and internal quotation marks omitted). Although not expressly required by Rule 4, district courts in this Circuit "generally impose two additional threshold requirements before authorizing service under Rule 4(f)(3): (1) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary." *Devi v. Rajapaska*, No. 11-CV-6634, 2012 WL 309605, at *1 (S.D.N.Y. Jan. 31, 2012) (Buchwald, J.). A court-ordered means of service under Rule 4(f)(3) must also "comport [] with constitutional notions of due process." *S.E.C. v. Anticevic*, No. 05-CV-6991, 2009 WL 361739, at *3 (S.D.N.Y. Feb. 13, 2009) (Wood, J.).

#### 1. Not Prohibited by International Agreement

A court may not order a means of service pursuant to Rule 4(f)(3) that is prohibited by

8

international agreement. Fed. R. Civ. P. 4(f)(3). The Court must thus determine whether an international agreement applies, and if so, whether that agreement bars email as a means of service. The relevant agreement here is the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"), which is specifically referenced in Rule 4(f).

### a. Whether the Hague Convention Applies

The United States Supreme Court has held that "compliance with the [Hague] Convention is mandatory in all cases to which it applies." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988). Article 1 of the Hague Convention provides that "[t]his Convention shall not apply where the address of the person to be served with the document is not known." Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters [hereinafter Hague Convention], *opened for signature* Nov. 15, 1965. "Courts in this Circuit have found an address is 'not known' if the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so." *Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, No. 14-CV-1112, 2018 WL 4757939, at *4 (S.D.N.Y. Sep. 30, 2018) (Broderick, J.) (noting that plaintiffs "conducted an investigation"; engaged investigators who "also conducted additional investigation, without success"; "researched . . . websites[,] . . . completed multiple Internet-based searches, called known phone numbers, and conducted in-person visits where reasonable."); *see also Philip Morris USA, Inc. v. Veles Ltd.*, No. 06-CV-2988, 2007 WL 725412, at *1 (S.D.N.Y. June 7, 2012) (Daniels, J.) (noting how plaintiff "catalogued diligent efforts to locate defendants").

Plaintiffs have not shown that they were unable to obtain address information after exercising reasonable diligence. Plaintiffs "have obtained [purported] addresses for the Foreign

9

Defendants from corporate filings or other public documents," but argue that those addresses should not be considered valid because the U.S. Defendants' address information is unreliable. (Pls.' Mem. of Law at 5, 10.)  Before concluding that they "do not have *confirmed* physical addresses for the Foreign Defendants," Plaintiffs should state what steps they took to try to confirm them.  (*Id.* at 10 (emphasis added)).  But they have not, and the fact remains that Plaintiffs have addresses for the Foreign Defendants.  Accordingly, Plaintiffs cannot rely on Article 1 of the Hague Convention to escape its application.

### b. Whether the Hague Convention Bars Service by Email

Because the Hague Convention applies, the Court now considers whether it bars email as a means of service, which would render email unavailable as a court-ordered means pursuant to Rule 4(f)(3).  Article 10 of the Hague Convention states that, "[p]rovided the State of destination does not object, the present Convention shall not interfere with . . . the freedom to send judicial documents, by postal channels, directly to persons abroad."  Hague Convention art. 10.  Both the United Kingdom and India have consented to be bound by the Hague Convention.  *See Status Table*, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited Aug. 10, 2022).

The United Kingdom has also not objected to Article 10.  *See Declarations*, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=427&disp=resdn (last visited Aug. 10, 2022).  Accordingly, a plaintiff may serve a defendant in the United Kingdom "directly" by "postal channels" or any other method not barred by the Convention, including email.  *See* Hague Convention art. 10.

Unlike the U.K., India "is opposed to the methods of service provided in Article 10." *Reservations*, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=984&disp=resdn (last visited Aug. 10, 2022).  But Article 10 does not mention email, and

10

courts "have declined to extend countries' objections to specific forms of service permitted by Article 10 of the Hague Convention, such as postal mail, to service by other alternative means, including email." *Sulzer Mixpac AG v. Medenstar Indus. Co. Ltd.*, 312 F.R.D. 329, 331 (S.D.N.Y 2015) (Rakoff, J.). Thus, email may be an appropriate means of effecting service to Defendants in India. Because email is available as a means of service for Defendants located in both India and the U.K., the Court must then determine whether such means is appropriate.

### 2. Email as a Means of Service

To determine whether email is an appropriate means, the Court considers two threshold requirements and whether the use of email comports with due process. The "two additional threshold requirements [often imposed] before authorizing service under Rule 4(f)(3) [are]: (1) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary." *Devi*, 2012 WL 309605, at *1. Plaintiffs have met these requirements with respect to the India Defendants, but not with respect to the U.K. Defendants.

#### a. India Defendants

Plaintiffs have shown that they meet the first threshold requirement to "reasonably attempt[] to effectuate service" on the India Defendants. Because India has objected to Article 10 of the Hague Convention, Plaintiffs could not rely on postal mail as a means of service for the India Defendants. Thus, in the absence of other means of service, Plaintiffs attempted to request Individual Defendants, who control or manage the India Defendants, to execute waivers of service on behalf of the India Defendants. This was reasonable.

Plaintiffs have also shown that they meet the second threshold requirement—that "the circumstances are such that the court's intervention is necessary"—with respect to the India Defendants. Plaintiffs originally filed this case on January 11, 2017 and have since "been

11

diligent in seeking to move this action forward." (Op. & Order at 11, ECF No. 221.)[2]  Plaintiffs have engaged in extensive discovery to ascertain the identities of the Foreign Defendants and have reasonably attempted to serve the India Defendants through Individual Defendants, as directors or managers of the Foreign Defendants.  Because those attempts failed, court intervention is necessary to avoid any further delays in service, which would unnecessarily prolong resolution of this action.  Accordingly, email is an appropriate means of service pursuant to Rule 4(f)(3) if the due process requirement is satisfied.

### b. U.K. Defendants

Plaintiffs have not shown that they "reasonably attempted to effectuate service" on the U.K. Defendants.  The U.K. has not objected to Article 10's provision for use of "postal channels" to effect service.  *See Declarations*, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=427&disp=resdn (last visited Aug. 10, 2022).  Thus, regular postal channels are available to Plaintiffs as a means of service.  But Plaintiffs do not state that they have attempted service pursuant to Article 10 at the U.K. Defendants' known addresses.  Even though use of postal channels to effect service for U.K Defendants is not a requirement, *see In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 266 (S.D.N.Y. 2012) (Gorenstein, J.) ("nothing in Rule 4(f) itself or controlling case law suggests that a court must always require a litigant to first exhaust the potential for service under the Hague Convention before granting an order permitting alternative service under Rule 4(f)(3)"), it is reasonable for Plaintiffs to first attempt to serve the U.K. Defendants pursuant to Article 10 before moving for authorization to effectuate service by email.  Therefore, with respect to the U.K. Defendants, Plaintiffs have not

---

[2] *Pearson Education, Inc. v. Heliosbooks, Inc.*, No. 17-CV-203, 2022 WL 970454, at *3 (S.D.N.Y. Mar. 31, 2022) (Wood, J.).

met the threshold requirements generally imposed before a court authorizes email as a means of service. The Court denies this portion of Plaintiffs' motion, without prejudice to it being renewed.

### c. Due Process

The due process analysis considers whether a means of service is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314. Plaintiffs have identified email addresses that the India Defendants have used to conduct their online businesses. Moreover, Individual Defendants, who Plaintiffs allege are directors or managers of these Foreign Defendants, are aware of this suit, thus raising the likelihood that the Foreign Defendants are apprised of the pendency of this action. *See, e.g.*, *Anticevic*, 2009 WL 361739, at *4 ("[An alternative means of service satisfies due process because Defendant] may already have actual knowledge of this case. While actual knowledge is no substitute for service, [Defendant's] actual knowledge may increase the likelihood that published service will ultimately come to his attention, at minimum, through his increased awareness of and attentiveness to any information about the lawsuit."). Therefore, service to these email addresses satisfies the due process requirement.

## III. Extension of Time

Plaintiffs have requested an extension of time to effect service by email. (Pls.' Mem. of Law at 13.) As an initial matter, the ninety-day time limit for service "does not apply to service in a foreign country." Fed. R. Civ. P. 4(m). Plaintiffs are thus not time-barred from serving the India Defendants (or the U.K. Defendants), although "the amount of time allowed for foreign service is not unlimited." *Jian Zhang v. Baidu.com Inc.*, 293 F.R.D. 508, 516 (S.D.N.Y. 2013) (Furman, J.) (quoting *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005)).

As for the U.S. Defendants, Plaintiffs have made a good-faith but unsuccessful effort to serve them by traditional means pursuant to Rule 4. Plaintiffs request three days to effect service by email, which is reasonable.

## CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiffs' motion to serve by email with respect to the U.S. Defendants and the India Defendants. Such service shall be completed within three days of the date of this Order. The Court DENIES Plaintiffs' motion to serve by email with respect to the U.K. Defendants.

The Clerk is respectfully directed to close ECF 268.

SO ORDERED.

Dated: New York, New York
      August 26, 2022                                */s/ Kimba M. Wood*
                                                       KIMBA M. WOOD
                                               United States District Judge